69

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN D. COTTON,

    Petitioner,

-vs-

KENNETH MCKEE, WARDEN,

    Respondent.

_____/

PETITIONER IN PROPERIA PERSONA

_____

ATTORNEY GENERAL FOR RESPONDENT

_____

EASTERN DISTRICT CASE No. _____

HABEAS CORPUS PETITION

Case: 1:07-cv-10291
Assigned To: Ludington, Thomas L
Referral Judge: Scheer, Donald A
Filed: 01-18-2007 At 02:11 PM
HC COTTON VS MCKEE (LE)

DB

## PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES Petitioner, MARVIN D. COTTON, in propria persona, pursuant to the Federal Civil Judicial Procedures and Rules, Habeas Corpus Rules and 28 USC § 2254, and respectfully moves this Honorable Court to issue the protection of the Great Writ in this matter. In support of this Petition, petitioner states as follows:

1.    On October 19, 2001, petitioner was convicted of felony murder, contrary to MCLA 750.316; MSA 28.548(2) and felony firearm, contrary to MCLA 750.227(b); MSA 28.424(2) following a jury trial in the Third Judicial Circuit Court for the County of Wayne, City of Detroit. The Honorable Daniel P. Ryan presiding. Petitioner did not testified.

2.    On November 12, 2001, Judge Ryan sentenced petitioner to a non-parolable life term of imprisonment for the murder conviction, plus a consecutive two year term of imprisonment for the felony firearm conviction.

3.    Petitioner is and always was a citizen of the United States and

1

is domiciled in the State of Michigan and presently residing at the Bellamy Creek Correctional Facility, in Ionia, Michigan to serve out the sentences at ¶ 2.

4.    Petitioner is being unconstitutionally restrained of his liberty by virtue of the sentences imposed upon him on November 12, 2001.

**Procedural History:**

5.    Petitioner has exhausted all state court remedies available to him as to the constitutional claims raised herein, by taking the following steps:

A.    Following his convictions and sentences, Petitioner, through his family members, retained attorney David Cripps (P34972) to perfect his appeal and a timely Claim of Appeal was filed on December 5, 2001. The Michigan Court of Appeals sat a due date of October 15, 2002 for Petitioner's brief on appeal to be filed with the Court. Subsequently, on February 6, 2002 Judge Hood issued an Order for the production of the trial transcripts for Petitioner's trial. The Lower Court's Docket Entries for this case indicates that on February 21, 2002 and February 22, 2002 the transcripts of the proceedings were filed with the court, but, not served upon Appellate Counsel. Subsequently, on February 22, 2002 appellate counsel filed a Motion to Furnish Transcripts at County Expense and Judge Hood granted the motion on this same date. However, on May 1, 2002, the Court Reporter, Linda M. Cavanagh, of the proceedings filed a Motion to Extend the Time for Filing Transcript on Appeal because "she was on a six-week medical leave from work commencing April 17, 2002 and she was unable to work on transcripts during the period". The Docket Entries does not denoted that the Motion was ever filed, however, a copy of this Motion can be found in the Appendixes accompanying these pleadings. On July 23, 2002 the transcripts, which consisted of 800 pages, were finally received by appellate

2

counsel. On October 18, 2002, the Clerk of the Court of Appeals sent Attorney Cripps an involuntary dismissal notice because appellate counsel has yet to filed Petitioner's Brief on Appeal on or before the October 15, 2002 due date. On September 18, 2002, Attorney Cripps and the People's counsel filed a joint Stipulation to Extend the Time for Filing Petitioner's Brief on Appeal requesting a 30 day extension, thus, making the due date for Petitioner's Brief on Appeal to be filed no later than November 20, 2002 or at a date to be sat by the court. The Docket Entries also does not denote that this Motion was ever filed. On December 23, 2002, appellate counsel filed Petitioner's Brief on Appeal raising the following issues:

### I.

WHERE DEFENDANT COUNSEL RECEIVED A WRITTEN WITNESS STATEMENT FROM THE PROSECUTOR ONLY SEVEN DAYS PRIOR TO TRIAL IN WHICH THE WITNESS ALLEGED THAT HE OVERHEARD THE DEFENDANT MAKE INCRIMINATING STATEMENTS WHILE HELD IN THE COURTROOM "BULLPEN", AND DEFENSE COUNSEL REQUESTED AN ADJOURNMENT TO PREPARE; THE TRIAL COURT ERRED REVERSIBLY IN DENYING THE MOTION FOR CONTINUANCE WHEN COUNSEL INSISTED THAT HE DID NOT HAVE SUFFICIENT TIME TO PREPARE FOR TRIAL IN LIGHT OF THE NEW EVIDENCE.

### II.

THE DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR INTRODUCED EVIDENCE THAT THE DEFENDANT WAS ALLEGEDLY PLANNING ON HARMING OR KILLING ON OF THE IDENTIFYING WITNESSES PRIOR TO TRIAL.

### III.

DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE TRIAL COURT PERMITTED THE PROSECUTOR TO ADMIT IMPROPER REMARKS DURING VOIR DIRE IN WHICH HE INDICATED THAT A PRESUMPTION OF INNOCENCE DID NOT MEAN THAT THE DEFENDANT WAS INNOCENT, THEREBY DENYING THE DEFENDANT DUE PROCESS PURSUANT TO UNITED STATES CONSTITUTION FIFTH, FOURTEENTH AMENDMENTS; MICHIGAN CONSTITUTION 1963 ART 1, SECTION 17.

### IV.

DEFENDANT'S NON-PAROLABLE MANDATORY LIFE SENTENCE FOR FIRST DEGREE MURDER VIOLATES MICHIGAN CONSTITUTION BECAUSE IT IS AN INDETERMINATE SENTENCE AND BECAUSE IT CONSTITUTES

CRUEL OR UNUSUAL PUNISHMENT.

After retained appellate counsel had prepared and filed Petitioner's Brief on Appeal with the Michigan Court of Appeals, the State Appellate Defender's Office forwarded him an Affidavit which contained averments from an individual named Devonte Parks, in which Mr. Parks maintains that Ellis Frazier, a witness who testified that he had a conversation with the Petitioner in the "Bullpen" of the courtroom, committed perjury when he testified at Petitioner's trial (a copy of the Affidavit can be found in the Appendixes accompanying these pleadings). In light of the Parks' affidavit, appellate counsel filed an untimely Motion to Remand with the Michigan Court of Appeals, seeking to make a testimony record in the trial court regarding the newly discovered evidence and to move for a new trial (a copy of the Motion can be found in the Appendixes accompanying these pleadings). Without addressing the Petitioner's Motion to Remand, the Michigan Court of Appeals in an unpublished per curiam opinion dated October 14, 2003 affirmed Petitioner's convictions and sentences by stating:

### I. Adjournment

Defendant Cotton first argues that the trial court erred in denying his motion for an adjournment to investigate a statement that he allegedly made to a fellow prisoner which the prosecution produced only five days before trial. We disagree.

A trial court's decision whether to grant an adjournment is reviewed for an abuse of discretion. The burden of proof falls on the defendant. Generally, adjournment of a criminal trial is permitted only for "good cause shown." In reviewing a trial court's decision to deny a defendant's motion for a continuance, we consider whether the defendant asserted a constitutional right, had a legitimate reason for asserting that right, was negligent in requesting the adjournment, or requested previous adjournments. In order to prevail on appeal, the defendant must also demonstrate prejudice resulting from a trial court's denial of a motion to adjourn.

Defendant Cotton asserts that "numerous constitutional right were involved" when he was forced to proceed to trial

4

with his counsel unprepared. Defendant Cotton argues that his counsel was unprepared as a result of the prosecution having turned over fellow prisoner Ellis Frazier's statement just five days before trial. Even though the statement itself was turned over five days before trial, the trial court correctly determined that defense counsel's ability to investigate was unaffected. W note initially that long before the written statement was turned over to the defense, the prosecution had identified Frazier on it witness list. Through discovery, defense counsel could have determined how the witness would testify at trial. Additionally, we agree with the trial court that defense counsel was able to investigate this statement during the pendency of trial and further, could address the matter during Frazier's cross-examination. In any event, the statement was not, as defendant Cotton contends, the only evidence against him. Lockhart's testimony also implicated defendant Cotton. Eyewitness Kenneth Lockhart recognized him from previous visits to the home and positively identified him as a perpetrator. Therefore, defense counsel's ability to prepare for trial was not hampered by the trial court's denial of the adjournment. The trial court did not abuse its discretion in denying defendant Cotton's request for an adjournment.

## II. Prosecutorial Misconduct.

### A. 404(b)

Defendant Cotton nest argues that he was "denied a fair trial when the prosecutor introduced evidence that [he] was allegedly planning on harming or killing one of the identifying witnesses prior to trial." We disagree.

Appellate review of allegedly improper prosecutorial conduce is forfeited unless the defendant shown plain error that affected his substantial rights. The prosecutor's good-faith effort to admit evidence does not constitute misconduct.

Defendant Cotton argues that the evidence was inadmissible under MRE 404(b)(1) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To be admissible under MRE 404(b), other acts evidence must
satisfy three requirements: (1) it must be offered for a
proper purpose, (2) it must be logically relevant to a matter
at issue at trial, and (3) its probative value must not
be substantially outweighed by its potential for unfair
prejudice. A proper purpose is one other than establishing
the respondent's character to show his propensity to commit
the offense.

At trial, Frazier described what defendant Cotton told
him while in a holding cell. Part of Frazier's testimony
in this regard was that Lockhart witnessed the crime.
Further, Frazier testified: "He has said somebody going
to take care of him, and I said like who, and then they
didn't state no name or nothing." We note that both parties
read this statement rather imaginatively. Defendant Cotton
argues that Frazier testified that "defendant allegedly
told him that he was going to harm and/or kill witness Kenny
Lockhart[.]" The prosecution argues, "a defendant's threat
against a witness is generally admissible." But Frazier
did not testify that defendant Cotton threatened Lockhart.
In his brief on appeal, defendant Cotton himself describes
the evidence as concerning "[d]efendant's possible desire
to commit unrelated crimes." A mere desire is not another
"crime, wrong, or act" as described in MRE 404(b).
Accordingly, the testimony, as quoted directly from the
transcript and not as paraphrased by either party, did not
constitute evidence of other "crimes, wrongs or acts."
Therefore, the prosecutor did not act in bad faith by
eliciting this testimony from Frazier.

### B. Voir Dire Remarks

Defendant Cotton next argues that the prosecutor made
improper remarks during voir dire. Specifically, h complains
of the following remarks:

> MR. WAGNER. Now, if I reached into my pocket and
> I was looking for the mate to this pen and knew
> I had it when I sat at this desk and I knew the
> only other person that was there was Mr. Hall
> and I know because I saw him looking at my pen
> earlier, I know Mr. Hall took my pen and in a
> fit of rage I just got upset, I reached over and
> I grabbed the chair and started pounding him on
> the head with it, what do you suppose is going
> to happen...? I would be sitting in the courtroom
> probably, correct, and a judge would be instructing
> potential jurors as yourself that I am presumed
> to be what?

> THE JURORS. Innocent.

> MR. WAGNER. That's right. So it doesn't mean that

> I haven't done anything. It just mans that you
> cannot consider that until you have all of the
> evidence and the judge tells you to retire to
> the deliberation room and consider all of the
> evidence. Would everyone agree with that.
>
> THE JURORS. Yes.
>
> We find this comment does not constitute plain error
> affecting defendant's substantial rights. The trial court
> correctly instructed the jury on the presumption of
> innocence. The trial court also instructed the jury that
> it should look to the court, not the attorneys, for
> instructions on the law.
>
> ### III. Sentence
>
> Defendant Cotton next argues that his life sentence
> violates the Michigan constitution because it is a
> determinate sentence and because it constitute cruel or
> unusual punishment. We disagree. We review constitutional
> issues de novo.
>
> Defendant Cotton's sentence of life imprisonment without
> possibility of parole is statutorily mandated. A mandatory
> nonparolable life sentence for first-degree premeditated
> murder is constitutional. Furthermore, our Supreme Court
> has expressly ruled that a mandatory life sentence without
> the possibility of parole for an adult is not cruel or
> unusual punishment. Accordingly, we reject defendant Cotton's
> argument that his sentence is unconstitutional.

People v. Marvin D. Cotton, slip opinion COA No. 238216 (2003). Because the

Court of Appeals did not address Petitioner's Motion to Remand, appellate

counsel filed a Motion for Rehearing of the Court's opinion to affirm

Petitioner's convictions. In an Order dated November 24, 2003, the Michigan

Court of Appeals termed Petitioner's motion for rehearing as a "Motion for

Reconsideration" and denied the motion. Appellate counsel timely sought leave

to appeal with the Michigan Supreme Court raising the same he raised in

Petitioner's Brief on Appeals. Appellate counsel did not raise the issue

regarding the Parks' affidavit. On June 14, 2004, The Michigan Supreme Court

denied petitioner's request for leave to appeal. People v. Marvin D. Cotton,

SC No. 125431 (2004). Subsequently, petitioner returned to the trial court

7

pursuant to the provisions of MCR 6.502 et seq seeking relief from judgment.

Petitioner sought relief from judgment by raising the following issues:

> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE
> AND DISCOVER DEVONTE PARK'S AS A DEFENSE WITNESS TO IMPEACH
> THE PROSECUTIONS WITNESS ELLIS FRAZIER.
>
> IF TRIAL COUNSEL WAS NOT INEFFECTIVE IN FAILING TO
> INVESTIGATE, DISCOVER, AND CALL DEVONTE PARKS AS A WITNESS
> TO IMPEACH THE PROSECUTION WITNESS ELLIS FRAZIER, AS MR.
> PARKS WAS A CO-DEFENDANT WITH THE SAME CHARGES PENDING WHO
> MAY HAVE INVOKED THE 5TH AMENDMENT, COUNSEL WAS INEFFECTIVE
> FOR FAILING TO REQUEST A HEARING OUT OF THE PRESENCE OF
> THE JURY TO DETERMINE WHAT THE WITNESS WOULD DO.
>
> APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THE
> ISSUE OF MR. PARKS AFFIDAVIT BEFORE THE MICHIGAN SUPREME
> COURT AFTER HAVING RAISED THE ISSUE BEFORE THE MICHIGAN
> COURT OF APPEALS, DENYING DEFENDANT'S SIXTH AMENDMENT RIGHT
> TO EFFECTIVE ASSISTANCE OF COUNSEL.
>
> APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE
> DEFENDANT'S ISSUE ONE AND THREE, DEPRIVING DEFENDANT OF
> HIS SIXTH AMENDMENT RIGHT.

In a Written Opinion dated September 23, 2005, Judge Ryan denied

petitioner's motion for relief from judgment by stating the following:

> On October 10, 2001, following a jury trial, Marvin Cotton
> was convicted of First Degree Murder and Felony Firearm.
> On November 14, 2001, defendant was sentenced to "LIFE"
> for the murder conviction and a consecutive two-year sentence
> for felony firearm. On October 14, 2003, the Michigan Court
> of Appeals affirmed defendant's conviction. On November
> 24, 2003, Michigan's Court of Appeals denied defendant's
> Motion for Reconsideration. On June 14, 2004, the Michigan
> Supreme Court denied defendant's Application for Leave to
> Appeal. Defendant now brings a motion for Relief from
> Judgment before the Court pursuant to MCR 6.500.
>
> Defendant alleges four errors. First, Defendant argues he
> was denied an effective assistance of counsel for trial
> counsel's failure to investigate and produce Devonte Parks,
> a proposed witness, who could have impeached prosecution
> witness Ellis Frazier. Second, Defendant was denied effective
> assistance of trial counsel for his failure to request a
> hearing out of the presence of the jury to determine what
> the witnesses would do. Third, defendant asserts his
> appellate counsel was ineffective for not raising issues
> relating to the affidavit of Mr. Parks. Defendant's final
> argument is appellate counsel was ineffective for failing
> to raise issues I and III contained in defendant's motion

8

for relief from judgment before Michigan's Supreme Court.

Defendant first and second argument deals with ineffective assistance of trial counsel: 1] for failing to investigate and produce Devonte Parks to impeach prosecution witness, Ellis Frazier; and 2] for failing to request a hearing out of the presence of the jury prior to their proposed testimony. A reviewing court must determine whether trial counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced defendant as to deprive him of a fair trial. **In order to preserve the issue of effective assistance of counsel for post-conviction review, the defendant must move for a new trial or an evidentiary hearing in the trial court. Where the defendant fails to create a testimonial record in the trial court with regard to his claims of ineffective assistance, review is foreclosed unless the record contains sufficient detail to support his claims.** "If review of the record dose not support the defendant's claim, he has effectively waived the issue of effective assistance of counsel.

In the instant case, there is no indication, that defendant moved in the trial court for an evidentiary hearing or a new trial. Therefore, this Court's review is limited to the facts on the existing record. To establish ineffective assistance of counsel, a defendant must show that: (1) the performance of his counsel was below an objective standard of reasonableness under the prevailing professional norms, and (2) the representation was so prejudicial to him that he was denied a fair trial. In applying this test, the reviewing court indulges a strong presumption that defense counsel conduct falls within the wide range of reasonable professional assistance, and defendant bears the heavy burden of proving otherwise.

A defendant must overcome a strong presumption that the assistance of counsel was sound trial strategy. Under the first prong of the test, the alleged errors must be so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Under the prejudice prong, the defendant "must demonstrate 'a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different. ...'" "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Trial Counsel's decision to use certain witnesses, or whom to put on the witness stand is solely within his or her discretion and falls within trial strategy. As to the second part of defendant's ineffective assistance of counsel, this court finds no merit in defendant's assertion trial counsel should have requested to hold an hearing to determine whether or not proposed witnesses would seek fifth

amendment protection against self-incrimination. As such, this Court finds defendant's argument to be without merit.

Defendant's third and fourth argument deals with whether defendant was denied effective assistance of appellate counsel due to appellate counsel's failure to: 1] raise issues pertaining to Devonte Parks before the Michigan Supreme Court; and 2] for not raising the issue I and issue II, which is contained in defendant's Motion for Relief from Judgment, thereby depriving defendant of his 6th amendment rights. However, for defendant to obtain post-conviction relief for ineffective assistance of appellate counsel based upon counsel's failure to present all possible claims on appeal; he must show appellate counsel's representation fell below an objective standard of reasonableness and that appellate counsel's representation was constitutionally deficient.

To establish a claim of ineffective assistance of appellate counsel, defendant must show that counsel's performance was deficient, and under an objective standard of reasonableness, that the error was so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. To show that appellate counsel was ineffective for failing to raise an issue on appeal, a defendant must overcome the presumption that the failure to raise an issue was sound appellate strategy and must establish that the deficiency was prejudicial. Defendant has not done so.

Defendant could not show that he was prejudiced by appellate counsel's failure to raise any issues relating to the affidavit of Devonte Parks, or issue I and/or III contained in defendant's present MRJ. It appears from the record that appellate counsel made a strategy decision not to pursue defendant's non-meritorious claim(s) regarding ineffective assistance of trial counsel and use of the affidavit of Devonte Parks.

Under the deferential standard of review, appellate counsel's decision to winnow out weaker arguments in pursuit of those that may b more likely to prevail is not evidence of ineffective assistance of counsel. Moreover, counsel's failure to assert all arguable claims is not sufficient to overcome the presumption that counsel functioned as a reasonable appellate attorney would have in selecting the issues that were presented on appeal. Hence, defendant's argument regarding appellate counsel being ineffective is without merit.

Defendant's arguments fail to met the heavy burden under MCR 6.508(D)(3)(a) good cause and actual prejudice. As a consequence of defendant's failure to show good cause or prejudice as required by the court rules, his motion

for relief of judgment must fail. MCR 6.508(D)(3). Therefore, Defendant's Motion for Relief from Judgment is <u>DENIED</u>.

An Order denying the motion was also issued on this date. Subsequently, Petitioner timely filed a Motion for Rehearing with the trial court demonstrating why he was unable to timely file a motion for a new trial prior to appellate counsel filing his brief on appeal with the Michigan Court of Appeals, and that, through appellate counsel he did seek to have the his case remanded back to the trial court for the purpose of conducting an evidentiary hearing regarding the Parks' affidavit. On October 18, 2005, the trial court denied the motion for rehearing. Thereafter, Petitioner timely sought leave to appeal of the trial court's orders denying his Motion for Relief from Judgment and Rehearing with the Michigan Court of Appeasl. Petitioner also sought, once again, to have the matter remanded to the trial court for an evidentiary hearing. In his pleadings for leave to appeal, petitioner raised the following issues:

> THE TRIAL COURT CLEARLY ERRED WHEN IT DENIED MR. COTTON'S MOTION FOR RELIEF FROM JUDGMENT WHERE THE RECORD SHOWS THAT MR. COTTON DID SEEK, IN THE COURT OF APPEALS, TO HAVE THE MATTER REMANDED BACK TO THE TRIAL COURT LEVEL DURING HIS FIRST APPEAL AS OF RIGHT FOR THE PURPOSE OF CONDUCTING AN EVIDENTIARY HEARING AND THEREAFTER T MOVE FOR A NEW TRIAL BUT A PANEL OF JUDGES FOR THE COURT OF APPEALS DID NOT ADDRESS HIS MOTION TO REMAND.

> THE TRIAL COURT CLEARLY ERRED WHEN IT DENIED MR. COTTON'S MOTION FOR RELIEF FROM JUDGMENT AFTER RULING, WITHOUT HARING TESTIMONY FROM DEFENSE TRIAL COUNSEL, THAT COUNSEL'S DECISION NOT TO INVESTIGATE, DISCOVER AND CALL DEVONTE PARKS AS A DEFENSE WITNESS WAS A MATTER OF SOUND AND REASONABLE DEFENSE TRIAL STRATEGY.

> THE TRIAL COURT CLEARLY ERRED WHEN IT DENIED MR. COTTON'S MOTION FOR RELIEF FROM JUDGMENT AFTER RULING, WITHOUT HEARING TESTIMONY FROM APPELLATE COUNSEL, THAT COUNSEL'S DECISION NOT TO RAISE ISSUES DURING MR. COTTON'S FIRST APPEAL AS OF RIGHT WAS A MATTER OF SOUND AND REASONABLE APPELLATE COUNSEL STRATEGY.

> WHERE MR. COTTON DID ALL THAT WAS REQUIRED OF HIM TO DO TO OBTAIN AN EVIDENTIARY HEARING IN THIS MATTER INITIALLY

> DID THE TRIAL COURT CLEARLY ERRED IN DENYING HIS MOTION
> FOR RELIEF FROM JUDGMENT BECAUSE IT CONCLUDED THAT MR. COTTON
> DID NOT SEEK TO HAVE THE CASE REMANDED BACK TO THE TRIAL
> COURT LEVEL FOR THE PURPOSE OF CONDUCTING AN EVIDENTIARY
> HEARING DURING HIS APPEAL AS OF RIGHT SO THAT HE CAN MOVE
> THE TRIAL COURT FOR A NEW TRIAL WHEN, IN FACT, HE DID, BUT
> HIS MOTION TO REMAND WAS NEVER ADDRESSED BY THE COURT OF
> APPEALS DURING HIS FIRST APPEAL AS OF RIGHT.

In an Order dated May 17, 2006, the Michigan Court of Appeals denied petitioner's Motion to Remand and his request for leave to appeal. People v. Marvin D. Cotton, COA No. 266453 (2006). Thereafter, Petitioner timely sought leave to appeal with the Michigan Supreme Court raising the same claims of error he raised in his Motion for Relief from Judgment alone with those he raised in his request for leave to appeal with the Michigan Court of Appeals. In an Order dated December 28, 2006, the Michigan Supreme Court denied leave to appeal. People v. Marvin D. Cotton, SC No. 131599 (2006).

## Trial, Appeal and Post-Conviction Representations

7.      During his pre-trial, trial and sentencing proceedings in the state lower courts the petitioner was represented by Attorney at Law Robert Slameka. During his first appeal as of right to the Michigan Court of Appeals and his first request for leave to appeal in the Michigan Supreme Court petitioner was represented by Attorney at Law David R. Cripps. In his post-conviction appeals petitioner proceeded in pro per.

## Jurisdiction and Venue:

8.      Venue is proper in this Court because Petitioner Marvin D. Cotton was convicted by a Wayne Couty Circuit Court jury and thereafter sentenced to a non-parolable life term of imprisonment, plus, a two year term of imprisonment by Wayne County Circuit Court judge Daniel P. Rayne. The Wayne County Circuit Court is in the Eastern District of Michigan. E.D. Mich. Local Court Rule 83.10(b)(4).

9.      The instant petition is timely brought and within the one-year

12

statute of limitations for Habeas Corpus actions under 28 USC § 2244(b)(1)(A).

10.    This court has jurisdiction to grant Petitioner's request for the protection of the Great Writ of Habas Corpus in this cause of action pursuant to 28 USC § 1331, 28 USC § 2241(b)(3), 28 USC § 2243, 28 USC § 2244 and 28 USC § 2254. This court further has jurisdiction to conduct an evidentiary hearing in this cause of action pursuant to 28 USC § 2246, 28 USC § 2247 and Habeas Corpus Rule 8(a).

11.    Petitioner pursued each of his constitutional claims throughout the state courts also seeking an evidentiary hearing because four (4) of his claims were premised on facts not of record. Because the state courts refused to grant petitioner's numerous request to conduct an evidentiary hearing, petitioner was prevented from showing that his convictions are in violation of the United States Constitution.

**Constitutional Grounds for Granting Petition:**

12.    Petitioner contends that the following grounds support granting the petition:

GROUND I.

> CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION BECAUSE PETITIONER'S DEFENSE COUNSEL RECEIVED A WRITTEN WITNESS STATEMENT FROM THE PROSECUTOR ONLY SEVEN DAYS PRIOR TO TRIAL IN WHICH THE WITNESS ALLEGED THAT HE OVERHEARD THE PETITIONER MAKE INCRIMINATING STATEMENTS WHILE HELD IN THE COURTROOM "BULLPEN", AND PETITIONER'S COUNSEL REQUESTED AN ADJOURNMENT TO PREPARE; THE TRIAL COURT ERRED REVERSIBLY IN DENYING THE MOTION FOR CONTINUANCE WHEN COUNSEL INSISTED THAT HE DID NOT HAVE SUFFICIENT TIME TO PREPARE FOR TRIAL IN LIGHT OF THE NEW EVIDENCE.

Petitioner was tried on a murder charge, for which he received a non parolable sentence of life imprisonment, plus, 2 years for felony firearm, after five days of trial.

Attorney Robert Slameka, who had been representing Petitioner, informed the court that h had recently received a written witness statement form

13

proposed prosecution witness Ellis Frazier. This witness indicated in his statement that, while he was in the courtroom "bullpen" awaiting his own sentence, he overheard the Petitioner make incriminating statements concerning his alleged role in this case (Trial Transcript Vol I, pp. 4-6). Trial counsel indicated that the late disclosure of this statement would undermined his ability to adequately prepare for trial in this case by the pronounced date, due to the fact that he needed time to confirm whether the witness was present and/or the Petitioner were present at the courtroom "bullpen" when the alleged statements were made (Trial Transcript Vol I, pp 6-7). Realizing the untenable situation in which he had been placed as an advocate, Mr. Slameka moved for an adjournment. He stated that the needed time to prepare a strategy, and confirm the allegations made by witness Frazier, but the trial court refused, stating that the information had been disclosed in a timely manner, and that they had a jury panel ready to be selected (Trial transcript Vol I, pp 7-8).

The trial judge's reasoning for denying the motion was absurd. As stated by defense counsel, the information supplied by Mr. Frazier essentially "...puts the nail in the coffin, Mr. Cotton doesn't have a chance." The reasoning articulated by the court for denying the motion was indefensible.

The trial court abused its discretion in refusing to adjourn the trial so that defense counsel would have more time to prepare for what proved to be the essential prosecution evidence. The judge's capricious decision forced counsel to proceed notwithstanding he was unprepared to defend against these very serious allegations. As a result, Petitioner was deprived of a fair trial, and of the due process rights to the effective assistance of trial counsel and to present material defenses. The Fifth, Sixth and Fourteenth Amendments to the United States Constitution prohibits such a conviction to stand.

This Court should grant the Great Writ on this ground and order

14

a new trial.

### GROUND II.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN THE PROSECUTOR INTRODUCED EVIDENCE THAT THE PETITIONER WAS ALLEGEDLY PLANING ON HARMING OR KILLING ONE OF THE IDENTIFYING WITNESSES PRIOR TO TRIAL.

During Petitioner's trial, the prosecution introduced evidence from witness Ellis Frazier that the Petitioner allegedly told him that he was going to harm and/or kill witness Kenny Lockhart, due to the fact that he was the only identifying witness (Trial Transcript Vol III, pp 81; 84). Any testimony regarding unrelated crimes the Petitioner may have been allegedly contemplating were completely unrelated to the issue of whether he took part in the alleged homicide in this case. This evidence was an attack on Petitioner character. The Fifth and Fourteenth Amendments to the United States Constitution prohibits such a conviction to stand.

This Court should grant the Great Writ on this ground and order a new trial.

### GROUND III.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN THE TRIAL COURT PERMITTED THE PROSECUTOR TO ADMIT IMPROPER REMARKS DURING VOIR DIRE IN WHICH HE INDICATED THAT A PRESUMPTION OF INNOCENCE DID NOT MEAN THAT THE PETITIONER WAS INNOCENT, THEREBY DENYING THE PETITIONER DUE PROCESS.

In this case the prosecutor made remarks during voir dire concerning the concept of the "presumption of innocence" (Trial Transcript Vol I, pp 84-85). These remarks have already been noted herein at page 6-7. The Fifth, Sixth and Fourteenth Amendments to the United States Constitution prohibits such a conviction to stand.

This Court should grant the Great Writ on this ground and order a new trial.

## GROUND IV.

**PETITIONER'S SENTENCE OF NON-PAROLABLE MANDATORY LIFE IMPRISONMENT CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT BECAUSE THE SENTENCE IS A DETERMINATIVE SENTENCE AND IS NOT MANDATED BY THE STATUTE OR THE MICHIGAN CONSTITUTION.**

In this case, the petitioner was charged with violating MCLA 750.316; MSA 28.548 which the Michigan legislators have not determined to be a mandatory non-parolable life term of imprisonment. See MCLA 750.316; MSA 28.548. However, petitioner was sentenced to a mandatory nonparolable life term of imprisonment (Sentencing Transcript p. 6 and Judgment of Sentence entered on November 12, 2001) which is a determinate sentence and is not authroized by either the Michigan's Constitution 1963 Art 1, § 45 or MCLA 750.316; MSA 28.548. The Eighth Amendment to the United States Constitution prohibits such a sentence to be imposed.

This Court should grant the Great Writ on this ground and remand the matter for resentencing.

## GROUND V.

**CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN TRIAL COUNSEL FAILED TO INVESTIGATE AND DISCOVER DEVONTE PARKS AS A DEFENSE WITNESS TO IMPEACH THE PROSECUTIONS WITNESS ELLIS FRAZIER.**

## GROUND VI.

**CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION IF TRIAL COUNSEL WAS NOT INEFFECTIVE IN FAILING TO INVESTIGATE, DISCOVER, AND CALL DEVONTE PARKS AS A WITNESS TO IMPEACH THE PROSECUTION WITNESS ELLIS FRAZIER, AS MR. PARKS WAS CO-DEFENDANT WITH THE SAME CHARGES PENDING WHO MAY HAVE INVOKED THE 5TH AMENDMENT, COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A HEARING OUT OF THE PRESENCE OF THE JURY TO DETERMINE WHAT THE WITNESS WOULD DO.**

## GROUND VII.

**CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING T ARGUE THE ISSUE OF MR. PARKS AFFIDAVIT BEFORE THE MICHIGAN SUPREME COURT AFTER HAVING RAISED THE ISSUE BEFORE THE MICHIGAN COURT OF APPEALS, THUS, DENYING PETITIONER'S SIXTH AND**

16

FOURTEENTH AMENDMENTS TO EFFECTIVE ASSISTANCE OF COUNSEL
DURING HIS FIRST APPEAL.

## GROUND VIII.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN
APPELLATE COUNSEL FAILED TO RAISE ISSUE VI AND VII DURING
PETITIONER'S FIRST APPEAL, THUS, DEPRIVING PETITIONER OF
HIS SIXTH AMENDMENT RIGHT.

## GROUND IX.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN
THE TRIAL COURT CLEARLY ERRED IN DENYING PETITIONER'S MOTION
FROM RELIEF FROM JUDGMENT WHERE THE RECORD SHOW THAT
PETITIONER'S APPELLATE COUNSEL DID SEEK TO HAVE THE MATTER
REMANDED BACK TO THE TRIAL COURT DURING PETITIONER'S FIRST
APPEAL FOR THE PURPOSE OF CONDUCTING AN EVIDENTIARY HEARING
AND THEREAFTER TO MOVE FOR A NEW TRIAL BUT THE MICHIGAN
COURT OF APPEALS DID NOT ADDRESS THE MOTION TO REMAND.

## GROUND X.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN
THE TRIAL COURT CLEARLY ERRED IN DENYING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT WITHOUT HEARING TESTIMONY FROM
PTITIONER'S TRIAL ATTORNEY, THAT TRIAL COUNSEL'S DECISION
NOT TO INVESTIGATE, DISCOVER AND CALL DEVONTE PARKS AS A
DEFENSE WITNESS WAS A MATTER OF SOUND AND REASONABLE DEFENSE
TRIAL STRATEGY.

## GROUND XI.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHEN
THE TRIAL COURT CLEARLY ERRED IN DENYING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT AFTER RULING, WITHOUT HEARING
TESTIMONY FROM PETITIONER'S APPELLATE ATTORNEY, THAT
APPELLATE COUNSEL'S DECISION NOT TO RAISE AND ARGUE ISSUES
DURING PETITIONER'S FIRST APPEAL AS OF RIGHT WAS A MATTER
OF SOUND AND REASONABLE APPELLATE STRATEGY.

## GROUND XII.

CONVICTION OBTAINED IN VIOLATION OF THE CONSTITUTION WHERE
PETITIONER DID ALL THAT WAS REQUIRED OF HIM TO DO TO OBTAIN
AN EVIDENTIARY HARING IN THE STATE COURT.

The facts supporting Grounds V through XII have already be noted
under the Procedural History portion of this petition at ¶ 5 pages 2-4, 7-
12. The state court made an unreasonable determination that these grounds
were defaulted and/or lacked merits. The Fifth, Sixth and Fourteenth Amendments

to the United States Constitution prohibits such a determination.

This Court should consider the merits of these grounds and issue an order granting the Great Writ on any of these grounds.

13.     The State Courts' decisions regarding the issues petitioner raised involves an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, and has resulted in decisions that are based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. 28 USC § 2254(d)(1) and (2). This is discussed more fully in the supporting brief which will be filed with the court later.[1]

14.     Because four (4) of the Petitioner's constitutional claims are premised on facts not of record and he has diligently sought to make a testimonial record in the state courts to support his claims, an evidentiary hearing should be held by this Honorable Court pursuant to Habeas Corpus Rule 8(a). If the petition survives dismissal an evidentiary hearing is mandatory if "there is a substantial allegation of newly discovered evidence which could not have been presented to the state court" and "the state courts failed to provide the petitioner a full and fair evidence hearing". Because the failure to develop the material facts in the state court proceedings were not due to petitioner and the failure to conduct an evidence hearing has resulted in petitioner's inability to establish that his conviction is in violation of the United States Constitution.

_____
[1]

Because the Michigan Supreme Court's order denying Petitioner's application for leave to appeal is dated December 28, 2006, and Petitioner's petition must be filed with the court no later than January 15, 2007 inorder for him to meet the one year statute of limitation. Petitioner is unable to prepare and file his Supporting Brief simultaneously with his petition. Petitioner's Supporting Brief will be filed with the court after the Rule 5 material is filed by Respondent's counsel.

15.    This is Petitioner's first petition for writ of habeas corpus challenging his state court conviction and there has been no previous order of dismissal against petitioner. There is no other pending or previously discontinued or dismissed companion cases in this or any other court, including state court. This petition meets the requirements of Eastern District Local Court Rule 83.11.

### RELIEF SOUGHT

**WHEREFORE**, Petitioner **MARVIN D. COTTON**, asks this Honorable Court to:

A.    Order the Respondent to answer the allegations of this Petition;

B.    Order an evidentiary hearing or oral argument necessary to a decision on the merits of this Petition;

C.    After a full review of the Petition, grant Petitioner the protection of the Great Writ of Habeas Corpus, and order that a New Trial or Resentencing be held in this matter within 90 days of such order granting the petition or order his release from unlawful custody;

D.    Grant such other relief in Petitioner's favor, as is just and equitable.

Respectfully submitted,

Dated:  January 11, 2007

Mr. Marvin D. Cotton N. 348927
Petitioner In Pro. Per.
Bellamy Creek Correctional Fac.
1727 West Bluewater Highway
Ionia, Michigan 48846

I declare under the penalty of perjury that the foregoing is true and correct. Executed on January 11, 2007.

Marvin D. Cotton No. 348972
28 USC § 1746

19

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN D. COTTON,

    Petitioner,

                         EASTERN DISTRICT CASE No. _____

-vs-

                         CERTIFICATE OF SERVICE

KENNETH MCKEE, WARDEN,

    Respondent.

_____/

### CERTIFICATE OF SERVICE

STATE OF MICHIGAN  )
                  )  ss.
COUNTY OF MONTCALM )

    I, TYRONE A. EVANS, certify that on JANUARY 16TH, 2007, I mailed by Prisoner's Expedite Legal Mail, through the Carson City Facility's Case Manager, Petitioner's original Petition for Writ of Habase Corpus, Motion to Proceed In Forma Pauperis, Declaration of Indigency, Prison Account Statement, Motion for Appointment of Counsel, Motion for Evidentiary Hearing upon:

DAVID R. SHERWOOD, CLERK OF THE COURT
United States District Court
Theodore Levin United State Court House
231 Lafayette Blvd.
Detroit, Michigan 48226

    Note: Petitioner Cotton and myself have an approved legal agreement which allows the undersigned to assist Petitioner Cotton in his legal matters. However, because Petitioner and the undersigned are no longer housed at the same facility and the Carson City Facility's Law Librarian will not allow the undersigned to make the necessary copies of Petitioner's pleadings, plus, do to the deadline date being January 16, 2007, I filed these original pleadings only with the Court to prevent a statute of limitation violation. All other correspondences regarding this cause of action should be directed to Petitioner Cotton at the Bellamy Creek Corrctional Facility, 1727 West Bluewatr Highway in Ionia, Michigan 48846.

    I, declare under the penalty of perjury that the foregoing is true and correct to the best of knowledge, information and belief.

                         Signed By:

                         _Tyrone A. Evans_
                         Tyrone A. Evans No. 229895
                         On Behalf of Petitioner Cotton
                           28 USC § 1746

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARVIN D. COTTON,

    Petitioner,

-vs-

KENNETH MCKEE, WARDEN,

    Respondent.

EASTERN DISTRICT CASE No. _____

APPENDIXES/EXHIBITS

Case: 1:07-cv-10291
Assigned To: Ludington, Thomas L
Referral Judge: Scheer, Donald A
Filed: 01-18-2007 At 02:11 PM
HC COTTON VS MCKEE (LE)

MARVIN D COTTON No. 348927
Petitioner In Properia Persona
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

MICHAEL A. COX (P-43039)
Attorney for Respondent
Michigan Department of Attorney General
G. Menne Williams Building, 7th Floor
P.O. Box 30212
Lansing, Michigan 48909

APPENDIXES/EXHIBITS

PETITIONER IN PRO. PER.

BY:  MARVIN D. COTTON No. 348927
     Petitioner In Pro. Per.
     Bellamy Creek Correctional Facility
     1727 West Bluewater Highway
     Ionia, Michigan 48846

     Assisted By. Tyrone A. Evans No. 229895

## APPENDIXES INDEX

EXHIBIT A          LOWER COURT DOCKET ENTIRTIES

EXHIBIT B          MOTION TO EXTEND TIME FOR FILING TRANSCRIPT ON APPEAL

EXHIBIT C          LETTER FROM COURT OF APPEAL'S CLERK

EXHIBIT D          MOTION TO EXTEND TIME TO FILE BRIEF ON APPEAL

EXHIBIT E          DEVONTE PARKS' AFFIDAVIT

EXHIBIT F          MOTION TO REMAND FILED IN THE COURT OF APPEAL

EXHIBIT G          COURT OF APPEAL'S DECISION AFFIRMING CONVICTIONS

EXHIBIT H          COURT OF APPEAL'S ORDER DENYING RECONSIDERATION

EXHIBIT I          SUPREME COURT'S DECISION DENYING LEAVE TO APPEAL

EXHIBIT J          TRIAL COURT'S OPINION AND ORDER DENYING RELIEF FROM JUDGMENT

EXHIBIT K          COURT OF APPEAL'S ORDER DENYING LEAVE TO APPEAL AND REMAND

EXHIBIT L          SUPREME COURT'S ORDER DENYING LEAVE TO APPEAL

**E X H I B I T   A**

CR3   FILE NO. 01-003175-01 FY   ·JOURNAL OF THE C62 CRIMINAL COURT·   DATE DECEMBER 28, 2005   PAGE 1

CITY OF DETROIT

STATE OF MICHIGAN

COMPLAINANT:   MCCINTER,JAMOND,

COTTON,MARVIN,D

LPD NUMBER 617201
STATUTE/ORDINANCE:750.83
ASSAULT WITH INTENT TO MURDER

DATE OF EVENT   EVENT DESCRIPTION

**FEBRUARY 20, 2001**   WARRANT      NO BOND SET
SIGNED WARRANT
JUDGE: BAYLOR,MARGARET E
                NO CHANGE
REPORTER: UNREPORTED,                                        CERT#: 3001
CURRENT CHARGE: 750.83        ASLT WI MRD           ORIGINAL

**FEBRUARY 20, 2001**   WARRANT ISS
WARRANT RECOMMENDED
JUDGE: PROSECUTOR
REPORTER: ** UNKNOWN REPORTER
CURRENT CHARGE: 750.83        ASLT WI MRD           ORIGINAL

**FEBRUARY 22, 2001**   ARR-WENT     REMANDED TO JAIL - NO BOND
DEFENDANT STANDS MUTE; PLEA OF NOT GUILTY ENTERED BY COURT
JUDGE: BAYLOR,MARGARET E
                NO CHANGE
REPORTER: BERTGES,SHARON,                                    CERT#: 0000
NEXT SCHEDULED PROCEEDING:
     EXAM-PM
     ON MARCH    6, 2001     BEFORE JUDGE ROYSTER, C LORENE

**MARCH 6, 2001**      EXAM         BOND CONTINUED
IN PROGRESS
JUDGE: ROYSTER,C LORENE
ASSIGNED COUNSEL  :   SLAMEKA,ROBERT E
PROSECUTION       :   PENDERGAST,DONNA,L                     CERT#: 0000
REPORTER: HARRIS,BEVERLY,
BAIL WAS FIXED AT       $0.00

**MARCH 6, 2001**      FILING       TO ASSIGN COUNSEL
FILED
BOND CONTINUED
JUDGE: ROYSTER,C LORENE
ASSIGNED COUNSEL  :   SLAMEKA,ROBERT E
PROSECUTION       :   PENDERGAST,DONNA,L
REPORTER: ** UNKNOWN REPORTER
NEXT SCHEDULED PROCEEDING:
     EXAM-PM
     ON MARCH   12, 2001     BEFORE JUDGE FELONY,UNASSIGNED,

**MARCH 12, 2001**     EXAM         BOND CONTINUED
PROCEEDING HELD; DEFENDANT WAS BOUND OVER
JUDGE: ROYSTER,C LORENE
     (C O N T I N U E D)

CR3   FILE NO. 01-003175-01 FY          JOURNAL OF THE C82 CRIMINAL COURT                    DATE DECEMBER  28, 2005    PAGE  2

                                              CITY OF DETROIT

                                            STATE OF MICHIGAN

                                                    COMPLAINANT:     MCCINTER,JAMOND,

                COTTON,MARVIN,D              LPD NUMBER 617201

        DATE OF EVENT               EVENT DESCRIPTION

MARCH   12, 2001      ASSIGNED COUNSEL   :  SLAMEKA,ROBERT E
                     PROSECUTION        :  PENDERGAST,DONNA,L
                     REPORTER: HARRIS,BEVERLY,      $0.00
                     BAIL WAS FIXED AT                              CERT#:  0000

MARCH   12, 2001     FILING      TO ASSIGN COUNSEL
                     FILED
                     BOND CONTINUED
                     JUDGE: ROYSTER,C LORENE
                     ASSIGNED COUNSEL   :  SLAMEKA,ROBERT E
                     PROSECUTION        :  PENDERGAST,DONNA,L
                     REPORTER: ** UNKNOWN REPORTER

MARCH   12, 2001     FILING      TRIAL DOCKET
                     FILED
                     JUDGE: ** UNKNOWN JUDGE
                     PROSECUTION       :  PENDERGAST,DONNA,L
                     REPORTER: ** UNKNOWN REPORTER
                     NEXT SCHEDULED PROCEEDING:
                        ARRAIGNMENT ON INFORMATION
                        ON MARCH    30, 2001     BEFORE JUDGE HOOD, KAREN FORT

MARCH   19, 2001     ASSGNMNT     BOND CONTINUED
                     TRIAL DOCKET
                     JUDGE: TEMP JUDGE ASG - AOI
                                         NO CHANGE
                     REPORTER: UNREPORTED,
                     BAIL WAS FIXED AT      $0.00                   CERT#:  3001
                     NEXT SCHEDULED PROCEEDING:
                        ARRAIGNMENT ON INFORMATION
                        ON MARCH    30, 2001     BEFORE JUDGE RYAN,DANIEL,P,

MARCH   30, 2001     ARR-INFO     BOND CONTINUED
                     HELD
                     JUDGE: RYAN,DANIEL,P,  NO CHANGE
                     PROSECUTION       :  PENDERGAST,DONNA,L
                     REPORTER: CAVANAGH,LINDA,
                     BAIL WAS FIXED AT      $0.00                   CERT#:  0131

MARCH   30, 2001     CAL-CONF     BOND CONTINUED
                     HELD
                     JUDGE: RYAN,DANIEL,P,  NO CHANGE
                     PROSECUTION       :  PENDERGAST,DONNA,L
                     REPORTER: CAVANAGH,LINDA,                      CERT#:  0131

                     (C O N T I N U E D)

CR3

FILE NO. 01-003175-01 FY         JOURNAL OF THE C82 CRIMINAL COURT                    DATE DECEMBER 28, 2005    PAGE 3

CITY OF DETROIT

STATE OF MICHIGAN

COMPLAINANT:     MCCINTER,JAMOND,

COTTON,MARVIN,D                    LPD NUMBER 617201

DATE OF EVENT                    EVENT DESCRIPTION

                                 BAIL WAS FIXED AT        $0.00

MARCH     30, 2001    DSPN CONF    BOND CONTINUED
                      HELD
                      JUDGE: RYAN,DANIEL,P,       NO CHANGE
                      PROSECUTION ;          PENDERGAST,DONNA,L
                      REPORTER: CAVANAGH,LINDA,         CERT#: 0131
                      BAIL WAS FIXED AT        $0.00

MARCH     30, 2001    FILING     FOR DISCOVERY
                      SIGNED AND FILED
                      BOND CONTINUED
                      JUDGE: RYAN,DANIEL,P,       NO CHANGE
                      PROSECUTION ;          PENDERGAST,DONNA,L
                      REPORTER: ** UNKNOWN REPORTER.

MARCH     30, 2001    FILING     ORDER FOR PRODUCTION OF EXAM TRANSCRIPT
                      FILED
                      JUDGE: RYAN,DANIEL,P,
                      REPORTER: ** UNKNOWN REPORTER
                      NEXT SCHEDULED PROCEEDING:
                      CAL-CONF        30, 2001    BEFORE JUDGE RYAN,DANIEL,P,
                      ON MARCH

MAY       11, 2001    FINAL-CONF    BOND CONTINUED
                      PROCEEDING WAS ADJOURNED
                      AT THE REQUEST OF THE DEFENSE
                      JUDGE: RYAN,DANIEL,P,       NO CHANGE
                      PROSECUTION ;          PENDERGAST,DONNA,L
                      REPORTER: KINSEY,SUE,         CERT#: 4477
                      BAIL WAS FIXED AT        $0.00
                      NEXT SCHEDULED PROCEEDING:
                      FINAL-CONF        8, 2001    BEFORE JUDGE RYAN,DANIEL,P,
                      ON JUNE

JUNE      8, 2001     FINAL-CONF    BOND CONTINUED
                      HELD
                      JUDGE: RYAN,DANIEL,P,       NO CHANGE
                      PROSECUTION ;          PENDERGAST,DONNA,L
                      REPORTER: CAVANAGH,LINDA,         CERT#: 0131
                      BAIL WAS FIXED AT        $0.00
                      NEXT SCHEDULED PROCEEDING:

                              (C O N T I N U E D)

CR3

FILE NO. 01-003175-01 FY          JOURNAL OF THE C82 CRIMINAL COURT          DATE DECEMBER 28, 2005   PAGE 4

CITY OF DETROIT

STATE OF MICHIGAN

COMPLAINANT:    MCCINTER, JAMOND,

COTTON, MARVIN, D              LPD NUMBER 617201

DATE OF EVENT                  EVENT DESCRIPTION

JUNE    28, 2001       JURY TRIAL
                       ON OCTOBER    15, 2001      BEFORE JUDGE RYAN, DANIEL, P,

                       PRETRIAL     BOND CONTINUED
                       HELD
                       JUDGE: RYAN, DANIEL, P,

                       PROSECUTION   :   NO CHANGE
                       REPORTER: CAVANAGH, LINDA,      PENDERGAST, DONNA, L              CERT#: 0131
                       BAIL WAS FIXED AT               $0.00
                       NEXT SCHEDULED PROCEEDING:
                       PRETRIAL
                       ON AUGUST    9, 2001       BEFORE JUDGE RYAN, DANIEL, P,

AUGUST   9, 2001       PRETRIAL     BOND CONTINUED
                       HELD
                       JUDGE: RYAN, DANIEL, P,

                       PROSECUTION   :   NO CHANGE
                       REPORTER: CAVANAGH, LINDA,      PENDERGAST, DONNA, L              CERT#: 0131
                       BAIL WAS FIXED AT               $0.00
                       NEXT SCHEDULED PROCEEDING:
                       JURY TRIAL
                       ON OCTOBER    15, 2001      BEFORE JUDGE RYAN, DANIEL, P,

OCTOBER  15, 2001      FILING       TO ADJOURN
                       DENIED
                       BOND CONTINUED
                       JUDGE: RYAN, DANIEL, P,
                       OTHER        :   SLAMEKA, ROBERT E
                       PROSECUTION  :   WAGNER, MICHAEL,
                       REPORTER: ** UNKNOWN REPORTER

OCTOBER  15, 2001      JURY TRIAL   BOND CONTINUED
                       IN PROGRESS
                       JUDGE: RYAN, DANIEL, P,
                       OTHER        :   SLAMEKA, ROBERT E
                       PROSECUTION  :   WAGNER, MICHAEL,
                       REPORTER: CAVANAGH, LINDA,                                         CERT#: 0131
                       BAIL WAS FIXED AT               $0.00
                       NEXT SCHEDULED PROCEEDING:
                       JURY TRIAL
                       ON OCTOBER    16, 2001      BEFORE JUDGE RYAN, DANIEL, P,

OCTOBER  16, 2001      JURY TRIAL   BOND CONTINUED
                       IN PROGRESS

                       (C O N T I N U E D )

CR3     FILE NO. 01-003175-01 FY          JOURNAL OF THE C82 CRIMINAL COURT          DATE DECEMBER 28, 2005   PAGE 7

                                                    CITY OF DETROIT

                                                    STATE OF MICHIGAN

                                          COMPLAINANT:     MCCINTER, JAMOND,

                         COTTON, MARVIN, D          LPD NUMBER 617201

        DATE OF EVENT                       EVENT DESCRIPTION

FEBRUARY  21, 2002     FILED
                       JUDGE: HOOD, KAREN FORT
                       REPORTER: ** UNKNOWN REPORTER

                       FILING     TRANSCRIPT OF TRIAL
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

FEBRUARY  22, 2002     FILING     TRANSCRIPT OF TRIAL
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

FEBRUARY  22, 2002     FILING     ORDER FOR PRODUCTION OF TRANSCRIPT
                       SIGNED AND FILED
                       JUDGE: HOOD, KAREN FORT
                       REPORTER: ** UNKNOWN REPORTER

JULY       8, 2002     FILING     TRANSCRIPT OF PRETRIAL
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

JULY      23, 2002     FILING     TRANSCRIPT OF TRIAL AND SENTENCE
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

OCTOBER   14, 2003     FILING     APPELLATE COURT DECISION; AFFIRMS LOWER COURT
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

JUNE      10, 2004     FILING     APPLICATION FOR LEAVE TO APPEAL
                       DENIED BY THE SUPREME COURT
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

MAY       25, 2005     FILING     TO REMAND BACK TO TRIAL COURT FOR FURTHER PROCEEDINGS
                       FILED
                       JUDGE: RYAN, DANIEL, P,
                       REPORTER: ** UNKNOWN REPORTER

MAY       25, 2005     FILING     AFFIDAVIT
                       FILED

                       (C O N T I N U E D)

CR3   FILE NO. 01-003175-01 FY

JOURNAL OF THE C82 CRIMINAL COURT

CITY OF DETROIT

STATE OF MICHIGAN

DATE DECEMBER   28, 2005   PAGE   8

COTTON,MARVIN,D

COMPLAINANT:      MCCINTER,JAMOND,

LPD NUMBER 617201

| DATE OF EVENT | EVENT DESCRIPTION |
|---|---|
| SEPTEMBER 23, 2005 | JUDGE: RYAN,DANIEL,P,<br>REPORTER: ** UNKNOWN REPORTER<br>FILING   FOR RELIEF FROM JUDGEMENT<br>DENIED<br>JUDGE: RYAN,DANIEL,P,<br>REPORTER: ** UNKNOWN REPORTER |
| OCTOBER   7, 2005 | FILING   FOR A REHEARING<br>FILED<br>JUDGE: RYAN,DANIEL,P,<br>REPORTER: ** UNKNOWN REPORTER |
| OCTOBER   18, 2005 | FILING   FOR A REHEARING<br>DENIED<br>JUDGE: RYAN,DANIEL,P,<br>REPORTER: ** UNKNOWN REPORTER<br>NEXT SCHEDULED PROCEEDING:<br>0000********<br>ON FEBRUARY   22, 2002   BEFORE JUDGE ** UNKNOWN JUDGE<br><br>SENTENCED FOR VIOLATION OF STATUTE/ORDINANCE:750.316-A<br>   HOMICIDE - MURDER FIRST DEGREE - PREMEDITAT<br>ON NOVEMBER   12, 2001   BEFORE JUDGE ** UNKNOWN JUDGE<br>NATURAL LIFE<br>COMMENTS: CONSEC W/CT 2<br>SENTENCED FOR VIOLATION OF STATUTE/ORDINANCE:750.227B-A<br>   WEAPONS FELONY FIREARM<br>ON NOVEMBER   12, 2001   BEFORE JUDGE ** UNKNOWN JUDGE<br>CONFINEMENT<br>TO BE INCARCERATED FOR THE PERIOD   2 YR   TO   2 YR<br>IN CONFINEMENT<br>COMMENTS: 265DCR CONSEC TO CT |

**E X H I B I T   B**

Original - Trial court
1st copy - Appellate court
2nd copy - Appellee/Attorney
3rd copy - Appellant/Attorney
4th copy - Reporter/Recorder

Appeals to Court of Appeals
5th copy - Appellee/Attorney
6th copy - Appellant/Attorney
7th copy - Reporter/Recorder

OSM Code: MET

Approved, SCAO

| STATE OF MICHIGAN | MOTION TO EXTEND TIME FOR | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | FILING TRANSCRIPT ON APPEAL | 01-3175 |
| JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | Court telephone no. |

Court address
Wayne Circuit Court, Criminal Division
1441 St. Antoine, Detroit, Michigan 48226          224-5231

| Plaintiff/Petitioner name(s) and address(es)  ☐ Appellant  ☒ Appellee | v | Defendant/Respondent name(s) and address(es)  ☒ Appellant  ☐ Appellee |
|---|---|---|
| People of the State of Michigan | | Marvin Cotton |
| Attorney, bar no., address, and telephone no.  Wayne County Prosecutor's Office 12th Floor, FMHJ 1441 St. Antoine Detroit, Michigan 48226 | | Attorney, bar no., address, and telephone no.  David Cripps 2632 Buhl Building Detroit, Michigan 48226 |

☐ Probate   In the matter of _____

1. I am the certified court reporter/recorder responsible for filing a transcript in this case. On __2-28-02__
   Date

   I filed the certificate in this court that payment had been secured, and the transcript, estimated to be __800__ pages, would

   be furnished by __5-28-02__.
   Date

2. I am unable to furnish the transcript within the required time period because:
   I am on a six-week medical leave from work commencing 4-17-02 and am
   unable to work on transcripts during this period.   (Document attached)

3. The required motion fee is attached.

I REQUEST an order by the court extending the time for furnishing the transcript to __6-30-02__
   Date

I declare that the statements above are true to the best of my information, knowledge, and belief.

__5-1-02__
Date

Party/Reporter/Recorder signature   _Linda M. Cavanagh_

Linda M. Cavanagh
Name (type or print)

CSR-0131
Certification designation and number of reporter or recorder
1441 St. Antoine, Courtroom 504
Address
Detroit, MI 48226          224-6813
City, state, zip                    Telephone no.

Note on procedure:
- In appeals to circuit court, when a transcript is not available within the time required, the trial court shall postpone transmittal of the record, enter an order to facilitate the preparation of the record, and notify the circuit court of the postponement and of the estimated date of transmittal. See MCR 7.101(F)(4).
- In appeals to Court of Appeals, the court may extend or shorten the time required for filing a transcript on motion. A notice of hearing on the motion must be served on all parties. See MCR 7.211(A) and (E) for more details.

(complete for appeals to Court of Appeals only)   | NOTICE OF HEARING |   MAY 0 2 2002

This motion to extend time for filing transcript will be heard on Tuesday, _____
                                                                          Date

(see other side for Certificate of Mailing for appeals to Court of Appeals)

MC 503 (9/90) MOTION TO EXTEND TIME FOR FILING TRANSCRIPT ON APPEAL   MCR 7.101(F), MCR 7.210(B)(3), MCR 7.211(A)

**E X H I B I T   C**

WILLIAM C. WHITBECK
CHIEF JUDGE

HAROLD HOOD
CHIEF JUDGE PRO TEM

RICHARD A. BANDSTRA
CHIEF JUDGE EMERITUS

DONALD E. HOLBROOK, JR.
DAVID H. SAWYER
GARY R. McDONALD
WILLIAM B. MURPHY
MARK J. CAVANAGH
RICHARD ALLEN GRIFFIN
JANET T. NEFF
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HELENE N. WHITE

HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
MICHAEL R. SMOLENSKI
HILDA R. GAGE
MICHAEL J. TALBOT
KURTIS T. WILDER
BRIAN K. ZAHRA
PATRICK M. METER
DONALD S. OWENS
JESSICA R. COOPER
KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
JUDGES

SANDRA SCHULTZ MENGEL
CHIEF CLERK



### State of Michigan
# Court of Appeals
### Detroit Office

October 18, 2002

**CRIPPS DAVID R**
**535 GRISWOLD**
**STE 2632**
**DETROIT MI 48226-3602**

RE:   PEOPLE OF MI V MARVIN D COTTON
      Court of Appeals No. 238216
      Lower Court No. 01-003175

Dear Appellant:

Our records indicate that you filed an appeal in this matter but you have failed to perfect the appeal by timely filing appellant's brief. The appeal is now eligible for **INVOLUNTARY DISMISSAL** or other action under MCR 7.217. You must file appellant's brief within 21 days from the date of this letter to avoid the assessment of $250 costs and the possible dismissal of the appeal. Filings received after the 21st day may be accepted if the matter has not yet been submitted to the Court for dismissal, but costs will be assessed.

If the parties have settled or appellant wishes to abandon the appeal, you may file a stipulation to dismiss (with defendant's affidavit if you are appointed counsel in a criminal appeal). The stipulation must be signed by counsel of record for all parties pursuant to MCR 7.218.

                                              Yours very truly,

                                              Kimberly S. Hauser
                                              District Clerk

/KHAUSER
CC: DUGGAN MICHAEL E P/A
    COTTON MARVIN D

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN 48202-6020
(313) 972-5678

SOUTHFIELD OFFICE
AMERICAN CENTER BUILDING
27777 FRANKLIN ROAD, SUITE 645
SOUTHFIELD, MICHIGAN 48034-8256
(248) 353-6763

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
109 WEST MICHIGAN AVENUE
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://courtofappeals.mijud.net

**E X H I B I T   D**

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v.

MARVIN D. COTTON,

     Defendant-Appellant.

_____/

Court of Appeals No:  238216
Lower Court No:  01-003175

DAVID CRIPPS (P34972)
Attorney for Appellant
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 963-0210

WAYNE COUNTY PROSECUTOR

_____/

MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF ON APPEAL

AFFIDAVIT IN SUPPORT

PROOF OF SERVICE

DAVID CRIPPS (P34972)
Attorney for Appellant
535 Griswold, #2632
Detroit, Michigan 48226

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,          Court of Appeals No:  238216
                                        Lower Court No:  01-003175

v.

MARVIN D. COTTON,

      Defendant-Appellant.

_____/


DAVID CRIPPS (P34972)
Attorney for Appellant
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 963-0210

WAYNE COUNTY PROSECUTOR

_____/


## MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF ON APPEAL


    NOW COMES the Defendant-Appellant, **MARVIN D. COTTON**, by his attorney, **DAVID CRIPPS**, and states as follows:

    1.    That the Defendant-Appellant, **MARVIN D. COTTON**, was convicted of Murder in the First Degree and Felony Firearm.

    2.    Counsel herein was retained to represent Mr. Cotton and Claim of Appeal was filed on November 30, 2001.

    3.    Counsel herein filed a Motion to Furnish Transcripts and County Expense and the motion was granted on February 22, 2002.

3.   The transcripts were received on July 23, 2002.

4.   A Stipulation to Extend Time for Filing Appellant's Brief was filed and September 18, 2002.

5.   That the brief in this matter was due on October 15, 2002.

6.   Counsel requests an extension of time to file Appellant's brief due to his heavy trial scheduled in the months of September and October, 2002.

WHEREFORE, counsel requests a 30 day extension of time in which to file Appellant's Brief on Appeal.

Dated:   10/21/02

DAVID CRIPPS (P34972)
Attorney for Appellant
535 Griswold, #2632
Detroit, Michigan 48226
(313) 963-0210

E X H I B I T   E

STATE OF MICHIGAN

IN THE COURT OF APPEALS


PEOPLE OF THE STATE OF MICHIGAN

        Plaintiff-Appellee

-vs-

ANTHONY T. LEGION

        Defendant-Appellant.

_____/

**Court of Appeals No. 239719**

**Lower Court No. 013175-02**


## AFFIDAVIT


STATE OF MICHIGAN    )
                      ) ss.
COUNTY OF WAYNE    )


**DEVONTE PARKS**, being first duly sworn, deposes and says that:

1. I was a defendant, along with Mr. Anthony T. Legion and Mr. Marvin Cotton, in the case concerning the death of Jamon McIntrye which, according to police reports, occurred on January 24, 2001;

2. I have been told that a Mr. Ellis Frazier, Jr. related to investigators and testified before the Court that I was present in the jail "bullpen" when he had a lengthy conversation about the McIntrye case with my then co-defendant, Marvin Cotton who, allegedly, was in the "bullpen" next to ours;

3. On the date in question, June 28, 2001, I was in a bullpen waiting to be escorted to the courthouse when I exchanged greetings with Marvin Cotton as he walked by;

4.   I had no further conversation with Marvin Cotton; I did not introduce Mr. Frazier or anyone else to Mr. Cotton and can attest that there was no conversation about the McIntyre case between Mr. Cotton and anyone else in the bullpen in my presence.

5.   As to my own case, at my preliminary examination, Witness Kenneth Lockhart testified that he saw me with a gun inside the house on Third Street on the same night and at around the same time of the shooting;

6.   Witness Lockhart also identified Mr. Legion and Mr. Cotton as the two other people he saw with the person he identified as me at the McIntyre house at around the time of the shooting;

7.   I had always maintained that I was innocent of these charges and to that end, agreed to submit to a police polygraph regarding my involvement or lack thereof in this matter;

8.   I passed a police polygraph which addressed the issue of whether I was at the McIntyre home on January 24, 2001 as alleged by Witness Lockhart, and whether I had participated in any manner in the shooting death of Jamond McIntyre;

9.   I was never contacted by Mr. Legion's attorney regarding whether I would be willing to testify on behalf of the defense in this matter;

10.   Had I been contacted, I would have willingly testified to all of the above.

**DEVONTE PARKS**

Subscribed and sworn to before me
this _5__ day of ___Dec___ , 2002

Notary Public, _____ County, Michigan ( acting in Wayne )
My commission expires: _6/27/05_

E X H I B I T   F

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

                                        Court of Appeals No. 238216
                                        Circuit Court No. 01-3175

-vs-

MARVIN COTTON,

          Defendant-Appellant.

_____/

## MOTION TO REMAND

## AFFIDAVIT IN SUPPORT OF MOTION

## PROOF OF SERVICE

DAVID R. CRIPPS (P 34972)
Attorney for Defendant-Appellant
2632 Buhl Building
Detroit, MI 48226
(313) 963-0210

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

               Plaintiff-Appellee,

                                     Court of Appeals No. 238216
                                     Circuit Court No. 01-3175

-vs-

MARVIN COTTON,

               Defendant-Appellant.

_____/

## MOTION TO REMAND

NOW COMES Defendant herein, by and through his counsel, DAVID R. CRIPPS, and prays this Honorable Court to grant this motion and in support thereof he states as follows:

1.     Defendant was convicted in the Wayne County Circuit Court convicted, pursuant to a jury trial of felony murder and felony firearm.  He was subsequently sentenced to mandatory life imprisonment along with two years for the felony firearm conviction.

2.     Following sentencing, Defendant, through present appellate counsel, filed a Brief on Appeal in this Court, raising four assignments of error.

3.     After the Brief was filed in this Court, present counsel obtained an Affidavit from State Appellate Defender's Office, which contained averments from an individual named Devonte Parks, in which Mr. Parks maintains that Ellis Frazier, a witness who testified that he had a conversation with the Defendant in the "bullpen" of the courtroom, committed perjury when he testified at Defendant's trial (a copy of the Affidavit is attached hereto).

i

4.      Specifically, Ellis Frazier testified that he was in the Wayne County bull pen waiting to be sentenced in Judge Fort Hood's courtroom when he spoke to Defendant Cotton, who asked him for legal advice about a murder case and stated that his mother's car was at the scene of the crime and that somebody had already identified him (T, Vol III, pp 74-75). In addition, Ellis Frazier stated that the Defendant allegedly told him that they went to the house for the purpose of robbing it along with two other people, that the Defendant told him that somebody named "Jay" was suppose to have been at the house, and that person was the one who was going to be robbed (T, Vol III, pp 76-80). He further stated that the Defendant told him that somebody named Kenny Lockhart was also at the house and they did not expect him to be there, and that Jay was shot and killed but he did not say who pulled the trigger (T. Vol III, pp 80-86).

5.      According to Mr. Parks' Affidavit, he was present when this conversation was alleged to have taken place, and that he maintains that no such conversation ever transpired (See, Affidavit, attached hereto).

6.      A claim of newly discovered evidence should first be addressed by the trial court in the form of a Motion For New Trial. *People v Mechura*, 205 Mich App 474 (1994). Since the Affidavit is in the form of non-record evidence at the present time, Defendant is entitled to an Evidentiary Hearing so that a testimonial record may be created with respect to the averments contained in the Affidavit. *People v Burton*, 74 Mich App 215 (1977).

7.      Under MCR 7.211 (E)(1)(a), a Motion to Remand filed by either party must be granted by this Court if it:

> Identifies an issue sought to be reviewed on appeal and shows that a testimonial record must be developed to support the issue or that the issue should be initially decided by the trial court.

ii

8.    The issue of newly discovered evidence on the basis of the Affidavit in question is an issue which requires the development of a testimonial record in what should be decided by the trial court.

9.    Although the Motion is technically untimely under the Court Rules, this Court should consider the Motion for two reasons. First, the Defendant did not learn of the existence of Mr. Parks or the contents of his Affidavit until after Defendant's Brief was due. Therefore, any filing of a Motion would be considered untimely. In addition, this Court may not deny a meritorious motion simply because it is untimely. *People v McCall*, 403 Mich 858 (1978).

WHEREFORE, the Defendant-Appellant asks this Honorable Court to remand his case for an Evidentiary Hearing on the issue of newly discovered evidence and for the purpose of allowing Defendant to make a Motion For New Trial on the same issue.

Respectfully submitted,

DAVID R. CRIPPS (P 34972)
Attorney for Defendant-Appellant
2632 Buhl Building
Detroit, MI  48226
(313) 963-0210

Dated: March 28, 2003

iii

E X H I B I T   G

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARVIN D. COTTON,

      Defendant-Appellant.

UNPUBLISHED
October 14, 2003

No. 238216
Wayne Circuit Court
LC No. 01-003175

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTHONY T. LEGION,

      Defendant-Appellant.

No. 239719
Wayne Circuit Court
LC No. 01-003175

---

Before: Kelly, P.J. and Cavanagh and Talbot, JJ.

PER CURIAM.

In these consolidated appeals from a joint jury trial, defendants appeal as of right their convictions of first-degree murder, MCL 750.316 and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced each defendant as a second habitual offender to life in prison without parole for the first-degree murder conviction and two years in prison for the felony firearm conviction. We affirm.

## I. Adjournment

Defendant Cotton first argues that the trial court erred in denying his motion for an adjournment to investigate a statement that he allegedly made to a fellow prisoner which the prosecution produced only five days before trial. We disagree.

A trial court's decision whether to grant an adjournment is reviewed for an abuse of discretion. MCR 2.503(D)(1); *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). The burden of proof falls on the defendant. *In re Jackson*, 199 Mich App 22, 28; 501 NW2d 182

(1993). Generally, adjournment of a criminal trial is permitted only for "good cause shown." MCL 768.2. In reviewing a trial court's decision to deny a defendant's motion for a continuance, we consider whether the defendant asserted a constitutional right, had a legitimate reason for asserting that right, was negligent in requesting the adjournment, or requested previous adjournments. *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992). In order to prevail on appeal, the defendant must also demonstrate prejudice resulting from a trial court's denial of a motion to adjourn. *Id.*

Defendant Cotton asserts that "numerous constitutional rights were involved" when he was forced to proceed to trial with his counsel unprepared. Defendant Cotton argues that his counsel was unprepared as a result of the prosecution having turned over fellow prisoner Ellis Frazier's statement just five days before trial. Even though the statement itself was turned over five days before trial, the trial court correctly determined that defense counsel's ability to investigate was unaffected. We note initially that long before the written statement was turned over to the defense, the prosecution had identified Frazier on its witness list. Through discovery, defense counsel could have determined how the witness would testify at trial. Additionally, we agree with the trial court that defense counsel was able to investigate this statement during the pendency of trial and further, could address the matter during Frazier's cross-examination. In any event, the statement was not, as defendant Cotton contends, the only evidence against him. Lockhart's testimony also implicated defendant Cotton.   Eyewitness Kenneth Lockhart recognized him from previous visits to the home and positively identified him as a perpetrator. Therefore, defense counsel's ability to prepare for trial was not hampered by the trial court's denial of the adjournment. The trial court did not abuse its discretion in denying defendant Cotton's request for an adjournment.

II. Prosecutorial Misconduct

A. 404(b)

Defendant Cotton next argues that he was "denied a fair trial when the prosecutor introduced evidence that [he] was allegedly planning on harming or killing one of the identifying witnesses prior to trial."[1] We disagree.

Appellate review of allegedly improper prosecutorial conduct is forfeited unless the defendant shows plain error that affected his substantial rights. *People v Schutte*, 240 Mich App 713, 720; 613 NW2d 370 (2000), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The prosecutor's good-faith effort to admit evidence does not constitute misconduct. *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999).

---

[1]   Although defendant Cotton's statement of the issue presented identifies prosecutorial misconduct, the analysis discusses the rules of evidence and the proper admission of evidence under MRE 404(b). But at no point in defendant Cotton's analysis does he take issue with the trial court's admission of the evidence nor does he argue that the trial court erred. In fact, he clearly states "The prosecutor committed misconduct in seeking to have this evidence admitted." Therefore, we address this issue as one of prosecutorial misconduct.

Defendant Cotton argues that the evidence was inadmissible under MRE 404(b)(1) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To be admissible under MRE 404(b), other acts evidence must satisfy three requirements: (1) it must be offered for a proper purpose, (2) it must be logically relevant to a matter at issue at trial, and (3) its probative value must not be substantially outweighed by its potential for unfair prejudice. *People v VanderVliet,* 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). A proper purpose is one other than establishing the respondent's character to show his propensity to commit the offense. *People v Crawford,* 458 Mich 376, 391; 582 NW2d 785 (1998).

At trial, Frazier described what defendant Cotton told him while in a holding cell. Part of Frazier's testimony in this regard was that Lockhart witnessed the crime. Further, Frazier testified: "He had said somebody going to take care of him, and I said like who, and then they didn't state no name or nothing." We note that both parties read this statement rather imaginatively. Defendant Cotton argues that Frazier testified that "defendant allegedly told him that he was going to harm and/or kill witness Kenny Lockhart[.]" The prosecution argues, "a defendant's threat against a witness is generally admissible." But Frazier did not testify that defendant Cotton stated that he was going to kill or harm Lockhart, nor does it indicate that defendant Cotton threatened Lockhart. In his brief on appeal, defendant Cotton himself describes the evidence as concerning "[d]efendant's possible desire to commit unrelated crimes." A mere desire is not another "crime, wrong, or act" as described in MRE 404(b). Accordingly, the testimony, as quoted directly from the transcript and not as paraphrased by either party, did not constitute evidence of other "crimes, wrongs or acts." Therefore, the prosecutor did not act in bad faith by eliciting this testimony from Frazier.

### B. Voir Dire Remarks

Defendant Cotton next argues that the prosecutor made improper remarks during voir dire. Specifically, he complains of the following remarks:

> *MR. WAGNER.* Now, if I reached into my pocket and I was looking for the mate to this pen and knew I had it when I sat at this desk and I knew the only other person that was there was Mr. Hall and I know because I saw him looking at my pen earlier, I know Mr. Hall took my pen and in a fit of rage I just got upset, I reached over and I grabbed the chair and started pounding him on the head with it, what do you suppose is going to happen . . . ? I would be sitting in the courtroom probably, correct, and a judge would be instructing potential jurors as yourself that I am presumed to be what?

-3-

*THE JURORS.* Innocent.

*MR. WAGNER.* That's right. So it doesn't mean that I haven't done anything. It just means that you cannot consider that until you have all of the evidence and the judge tells you to retire to the deliberation room and consider all of the evidence. Would everyone agree with that.

*THE JURORS.* Yes.

We find this comment does not constitute plain error affecting defendant's substantial rights. The trial court correctly instructed the jury on the presumption of innocence. The trial court also instructed the jury that it should look to the court, not the attorneys, for instructions on the law.

### III. Sentence

Defendant Cotton next argues that his life sentence violates the Michigan constitution because it is a determinate[2] sentence and because it constitutes cruel or unusual punishment. We disagree. We review constitutional issues de novo. *People v White,* 212 Mich App 298, 304-305; 536 NW2d 876 (1995).

Defendant Cotton's sentence of life imprisonment without the possibility of parole is statutorily mandated. MCL 750.316; *People v Anderson,* 209 Mich App 527, 539; 531 NW2d 780 (1995). A mandatory nonparolable life sentence for first-degree premeditated murder is constitutional. *People v Snider,* 239 Mich App 393, 426; 608 NW2d 502 (2000); *People v Cooper,* 236 Mich App 643, 661; 601 NW2d 409 (1999). Furthermore, our Supreme Court has expressly ruled that a mandatory life sentence without the possibility of parole for an adult is not cruel or unusual punishment. *People v Hall,* 396 Mich 650, 657-658; 242 NW2d 377 (1976); see also *People v Launsburry,* 217 Mich App 358, 363; 551 NW2d 460 (1996). Accordingly, we reject defendant Cotton's argument that his sentence is unconstitutional.

### IV. Sufficiency of the Evidence

Defendant Legion argues that the prosecution presented insufficient evidence to sustain his conviction of first-degree murder. Specifically, defendant Cotton argues that there was no evidence to identify him at the scene. We disagree.

In reviewing a sufficiency of the evidence claim, this Court reviews the evidence de novo in the light most favorable to the prosecution in order to determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Nowack,* 462 Mich 392, 399-400; 614 NW2d 78 (2000). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. *Id.* at 400. Circumstantial evidence and reasonable inferences drawn

---

[2] Defendant's statement of this issue presented indicates that the sentence is unconstitutional because it is "indeterminate." But in his analysis, he argues that it is unconstitutional because it is determinate. Because we consider this a clerical error, we address defendant's issue as argued.