from the evidence can constitute satisfactory proof of the elements. *Id.*; *People v Lee*, 243 Mich App 163, 167-168; 622 NW2d 71 (2000).

To convict a defendant of first-degree murder, the prosecution must prove that the killing was intentional and that the act of killing was accompanied by premeditation and deliberation on the part of the defendant. MCL 750.316(1)(a); *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995). Here, defendant Legion only argues that he was not identified as the perpetrator. Based on our review of the record, we find that Lockhart identified defendant Legion as one of the men involved in the shooting that resulted in the death of McIntyre. This Court will not interfere with the jury's role of determining the weight of the evidence or the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1991), mod 441 Mich 1201 (1992). Lockhart's testimony, along with the other circumstantial evidence, was sufficient to allow a rational trier of fact to find that defendant Legion committed first-degree murder.

## V. Ineffective Assistance of Counsel

Defendant Legion next argues that his defense counsel was ineffective for failing to call Devonte Parks[3] and an expert in eyewitness testimony. We disagree.

Our review of this claim is limited to mistakes apparent on the record because defendant Legion did not move for a new trial or a *Ginther*[4] hearing. *People v Werner*, 254 Mich App 528, 534; 659 NW2d 688 (2002). To successfully assert a claim of ineffective assistance of counsel a defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant that he was denied the right to a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). To establish such prejudice the defendant must show there was a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996). The burden is on the defendant to produce factual support for his claim of ineffective assistance of counsel *People v Hoad*, 460 Mich 1, 6; 594 NW2d 57 (1999).

It is well established that a trial counsel's decisions on the witnesses to be called and the evidence to be presented are matters of trial strategy. *People v Mitchell*, 454 Mich 145, 163; 560 NW2d 600 (1997). That a particular strategy failed does not render its use ineffective assistance of counsel. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). Defendant Legion has not met his burden of showing that defense counsel's decision not to call these witnesses constituted error rather than trial strategy.

---

[3] Parks, who also faced charges related to this incident, was initially going to be tried separately, but the charges were ultimately dropped.

[4] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

## VI. Statement of Non-testifying Codefendant

On appeal, defendant Legion asserts that defendant Cotton's statement was admitted in violation of his right to confrontation. We disagree.

A statement against penal interest, admissible as substantive evidence under MRE 804(b)(3), does not violate the Confrontation Clause if the prosecutor establishes that the declarant is unavailable as a witness and the statement bears adequate indicia of reliability or falls within a firmly rooted hearsay exception. *People v Poole*, 444 Mich 151, 162-165; 506 NW2d 505 (1993). Applying the *Poole* factors, the trial court did not err in admitting the statement. Defendant Cotton voluntarily made the statement to Frazier, who was known as "Old School," while requesting legal advice. Defendant Cotton did not minimize his role, or shift the blame onto defendant Legion. There is no indication that the statement was made for revenge, or that defendant Cotton had a motive to lie. Therefore, the trial court correctly determined that the statement bore adequate indicia of reliability.

Even if the trial court did err in admitting the statement, the error was harmless. A denial of the right to confrontation is subject to harmless-error analysis. *Carines, supra* at 774; *People v Kelly*, 231 Mich App 627, 644; 588 NW2d 480 (1998); *People v Anderson (After Remand)*, 446 Mich 392, 404-407; 521 NW2d 538 (1994). Factors to be weighed in determining whether an error is harmless in a right to confrontation issue include "the importance of the witness' testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case." *Kelly, supra* at 644-645. Defendant Cotton did not identify defendant Legion in his statement, nor did Frazier's testimony implicate defendant Legion in any way. The trial court correctly noted this fact when defendant Legion's attorney moved for directed verdict. We agree with the trial court's finding that although defendant Cotton's statement to Frazier did not provide any evidence against defendant Legion, Lockhart's testimony did. Therefore, even if the statement was erroneously admitted, the error was harmless.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Talbot

EXHIBIT H

# Court of Appeals, State of Michigan

## ORDER

People of Michigan v Marvin D Cotton

Docket No. 238216

LC No. 01-003175

Kirsten Frank Kelly
Presiding Judge

Mark J. Cavanagh

Michael J. Talbot
Judges

The Court orders that the motion for reconsideration is DENIED.

Presiding Judge

A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

NOV 2 4 2003

Date

Chief Clerk

**EXHIBIT I**

# Order

Entered: June 10, 2004

**Michigan Supreme Court**
Lansing, Michigan

Maura D. Corrigan,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman,
Justices

125431

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

MARVIN D. COTTON,
    Defendant-Appellant.

SC: 125431
COA: 238216
Wayne CC: 01-003175

_____/

    On order of the Court, the application for leave to appeal the October 14, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

p0603

**JUN 1 4 2004**



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 10, 2004

EXHIBIT J

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT COURT OF MICHIGAN

THE PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

-vs-

MARVIN D. COTTON,

    Defendant.

Hon. Daniel P. Ryan
01-003175

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

_____/

## OPINION

On October 10, 2001, following a jury trial, Marvin Cotton was convicted of First Degree Murder contrary to MCL 750.316; MSA 28.297, and Felony Firearm, contrary to MCL 750.227(b); MSA 28.424(2). On November 14, 2001, defendant was sentenced to "LIFE" for the murder conviction and a consecutive two-year sentence for Felony Firearm. On October 14, 2003, the Michigan Court of Appeals affirmed defendant's conviction. On November 24, 2003, Michigan's Court of Appeals denied defendant's Motion for Reconsideration. On June 14, 2004, the Michigan Supreme Court denied defendant's Application for Leave to Appeal. Defendant now brings a motion for Relief from Judgment before the Court pursuant to MCR 6.500.

Defendant alleges four errors. First, Defendant argues he was denied an effective assistance of counsel for trial counsel's failure to investigate and produce Devonte Parks, a proposed witness, who could have impeached

prosecution witness Ellis Frazier. Second, defendant was denied effective assistance of trial counsel for his failure to request a hearing out of the presence of the jury to determine what the witnesses would do. Third, defendant asserts his appellate counsel was ineffective for not raising issues relating to the affidavit of Mr. Parks. Defendant's final argument is appellate counsel was ineffective for failing to raise issues I and III contained in defendant's motion for relief from judgment before Michigan's Supreme Court.

Defendant first and second argument deals with ineffective assistance of trial counsel: 1] for failing to investigate and produce Devonte Parks to impeach prosecution witness, Ellis Frazier; and 2] for failing to request a hearing out of the presence of the jury prior to their proposed testimony. A reviewing court must determine whether trial counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced defendant as to deprive him of a fair trial. People v. Pickens, 446 Mich 298, 521 NW2d 797 (1994). In order to preserve the issue of effective assistance of counsel for post-conviction review, the defendant must move for a new trial or an evidentiary hearing in the trial court. People v Sabin (On Remand), 242 Mich App 656, 658; 620 NW2d 19 (2000). Where the defendant fails to create a testimonial record in the trial court with regard to his claims of ineffective assistance, review is foreclosed unless the record contains sufficient detail to support his claims. People v Dixon, 217 Mich App 400, 408; 552 NW2d 663 (1996). "If review of the record does not support the defendant's claims, he has effectively waived the issue of effective assistance of

2

counsel." Sabin (On Second Remand), supra at 659.

In the instant case, there is no indication, that defendant moved in the trial court for an evidentiary hearing or a new trial. Therefore, this Court's review is limited to the facts on the existing record. Id. To establish ineffective assistance of counsel, a defendant must show that: (1) the performance of his counsel was below an objective standard of reasonableness under the prevailing professional norms, and (2) the representation was so prejudicial to him that he was denied a fair trial. People v Toma, 462 Mich 281, 302; 613 NW2d 694 (2000). In applying this test, the reviewing court indulges a strong presumption that defense counsel conduct falls within the wide range of reasonable professional assistance, and defendant bears the heavy burden of proving otherwise. People v Mitchell, 454 Mich 145, 156; 560 NW2d 600 (1997); People v Rockey, 237 Mich App 74, 76; 601 NW2d 887 (1999).

A defendant must overcome a strong presumption that the assistance of counsel was sound trial strategy. Toma, supra at 302. Under the first prong of the test, the alleged errors must be so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Mitchell, supra at 164-165. Under the prejudice prong, the defendant "must demonstrate 'a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different. ...'" Toma, supra at 302-303, quoting Mitchell, supra at 167. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v Washington, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

3

Trial Counsel's decision to use certain witnesses, or whom to put on the witness stand is solely within his or her discretion and falls within trial strategy. Toma, supra. As to the second part of defendant's ineffective assistance of counsel, this court finds no merit in defendant's assertion trial counsel should have requested to hold an hearing to determine whether or not proposed witnesses would seek fifth amendment protection against self-incrimination. As such, this Court finds defendant's argument to be without merit.

Defendant's third and fourth argument deals with whether defendant was denied effective assistance of appellate counsel due to appellate counsel's failure to: 1] raise issues pertaining to Devonte Parks before the Michigan Supreme Court; and 2] for not raising the issue I and issue III, which is contained in defendant's Motion for Relief from Judgment, thereby depriving defendant of his 6th amendment rights. However, for defendant to obtain post-conviction relief for ineffective assistance of appellate counsel based upon counsel's failure to present all possible claims on appeal; he must show appellate counsel's representation fell below an objective standard of reasonableness and that appellate counsel's representation was constitutionally deficient.

To establish a claim of ineffective assistance of appellate counsel, defendant must show that counsel's performance was deficient, and, under an objective standard of reasonableness, that the error was so serious that counsel was not functioning as an attorney as guaranteed under the Sixth

4

Amendment. People v. Hurst, 205 Mich App 634, 640-641; 517 NW2d 858 (1994). To show that appellate counsel was ineffective for failing to raise an issue on appeal, a defendant must overcome the presumption that the failure to raise an issue was sound appellate strategy and must establish that the deficiency was prejudicial. People v. Reed, 198 Mich App 639, 646-647; 499 NW2d 441 (1993), and aff'd 449 Mich 375; 535 NW2d 496 (1995). Defendant has not done so.

Defendant could not show that he was prejudiced by appellate counsel's failure to raise any issues relating to the affidavit of Devonte Parks, or issue I and/or III contained in defendant's present MRJ. It appears from the record that appellate counsel made a strategic decision not to pursue defendant's non-meritorious claim(s) regarding ineffective assistance of trial counsel and use of the affidavit of Devonte Parks. People v. Kincade, 1997 Mich App Lexis 2219, 7-9 (1997).

Under the deferential standard of review, appellate counsel's decision to winnow out weaker arguments in pursuit of those that may be more likely to prevail is not evidence of ineffective assistance of counsel. *Reed, supra at 391*. Moreover, counsel's failure to assert all arguable claims is not sufficient to overcome the presumption that counsel functioned as a reasonable appellate attorney would have in selecting the issues that were presented on appeal. Hence, defendant's argument regarding appellate counsel being ineffective is without merit.

Defendant's arguments fail to meet the heavy burden under *MCR 6.508 (D)(3)(a)* good cause and actual prejudice. As a consequence of defendant's failure to show good cause or prejudice as required by the court rules, his motion for relief of judgment must fail. *MCR 6.508(D)(3)*. Therefore, Defendant's Motion for Relief from Judgment is <u>DENIED</u>.

Dated: **SEP 23 2005**

_____
Circuit Court Judge

6

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT COURT OF MICHIGAN

THE PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

                                                            Hon. Daniel P. Ryan
                                                           01-003175

-vs-

MARVIN D. COTTON,

    Defendant.

_____/

## ORDER

At a session of said Court held in the Frank Murphy Hall of Justice on SEP 23 2005

PRESENT: HON. _____DANIEL P. RYAN_____
                                Circuit Court Judge

In the above-entitled cause, for the reasons set forth in the foregoing Opinion;

IT IS HEREBY ORDERED that Defendant's Motion for Relief from Judgment is DENIED.

                                                                                 Circuit Court Judge

7

STATE OF MICHIGAN
IN THE 3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE
CRIMINAL DIVISION

THE PEOPLE OF THE
STATE OF MICHIGAN

V

MARVIN D. COTTON,

Defendant.

_____/

Case No. 01-3175-01

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

_____
DEPUTY CLERK

### ORDER

At a session of said Court held in the Frank
Murphy Hall of Justice on OCT 18 2005

PRESENT: HON: Daniel P. Ryan
Circuit Court Judge

THE COURT, after having reviewed Defendant's Motion for Rehearing and the court file, denies the Defendant's motion.

THE COURT <u>Denies</u> Defendant's Motion for Rehearing.

OCT 18 2005
_____
Date

_____
Daniel P. Ryan, Circuit Court Judge

# Court of Appeals, State of Michigan

## ORDER

People of MI v Marvin D Cotton

Docket No. 266453

LC No. 01-003175

Michael J. Talbot
Presiding Judge

E. Thomas Fitzgerald

Michael R. Smolenski
Judges

The Court orders that the motion to remand is DENIED.

The delayed application for leave to appeal is DENIED for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).

_____
Presiding Judge



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

MAY 1 7 2006
Date

_____
Chief Clerk

**E X H I B I T   L**

# Order

Michigan Supreme Court
Lansing, Michigan

December 28, 2006

Clifford W. Taylor,
Chief Justice

131599

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

SC: 131599
COA: 266453
Wayne CC: 01-003175

MARVIN D. COTTON,
Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the May 17, 2006 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 28, 2006

Corbin R. Davis
Clerk

s1218

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 07-10291 | Judge: Thomas L. Ludington | Magistrate Judge: Donald A. Scheer |

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| MARVIN COTTON | KENNETH MCKEE |
| **Inmate Number:** 348927 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** Bellamy Creek Correctional Facility  1727 West Bluewater Highway  Ionia, MI 48846  IONIA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases