UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN D. COTTON,

    Petitioner,

-vs-

KENNETH MCKEE, WARDEN,

    Respondent.
_____/

PETITIONER IN PROPERIA PERSONA
_____

ATTORNEY GENERAL FOR RESPONDENT
_____

EASTERN DISTRICT CASE No. _____

MOTION FOR EVIDENTIARY HEARING

Case: 1:07-cv-10291
Assigned To: Ludington, Thomas L
Referral Judge: Scheer, Donald A
Filed: 01-18-2007 At 02:11 PM
HC COTTON VS MCKEE (LE)

## MOTION FOR EVIDENTIARY HEARING PURSUANT TO FEDERAL RULES 7 & 8

NOW COMES, the Petitioner MARVIN D. COTTON, in properia persona, and in forma pauperis and asks this Honorable Court to grant this request for evidentiary hearing as it pertains to newly discovered evidence and ineffective assistance of trial and appellate counsel. Petitioner also, requests this Court conduct this necessary hearing prior to the issues being reviewed, where the claims are not matter of record. Also for the following reasons:

1. Petitioner has diligently sought to conduct an evidentiary hearing in the state courts prior to filing his petition. Each of Petitioner's Motions for an evidentiary hearing were either denied or never even considered by the state courts.

2. Petitioner was represented by court appointed Attorney at Law Robert Slameka. Petitioner elected to be tried before a jury, in the Third Judicial Circuit Court for the County of Wayne, the Honorable Daniel P. Rayne, presiding over Petitioner trial, sentencing and Motion for Relief from Judgment.

3. Petitioner was represented during his Appeal of Rights by retained Attorney at Law David Cripps. Because of the late filing of the trial transcripts, Attorney Cripps was unable to timely file Petitioner's Brief on Appeals or a timely Motion for a New Trial or Evidentiary Hearing. Attorney Cripps did file a Brief on Appeals with the Michigan Court of Appeals on behalf of petitioner, and after the brief was filed, Attorney Cripps received an Affidavit from State Appellate Defender's Office which contained averments form an individual named Devonte Parks, in which Mr. Parks maintains that Ellis Frazier, a witness who testified that he had a conversation with the petitioner in the "Bullpen" of the courtroom, committed perjury when he testified at Petitioner's trial. (A copy of the Affidavit can be found in the Appendixes accompanying these pleadings).

4. In light of the Parks' affidavit, Attorney Cripps filed an untimely Motion to Remand with the Michigan Court of Appeals, seeking to make a testimony record in the trial court regarding the newly discovered evidence and to move for a new trial (a copy of the Motion can be found in the Appendixes accompanying these pleadings). Without addressing the Motion to Remand, the Michigan Court of Appeals affirmed the Petitioner's conviction and sentence. Attorney Cripps did not attempt to raise the Court of Appeals' refusal to address the Motion to remand with the Michigan Supreme Court during Petitioner's request for leave to appeal.

4. Petitioner sought relief from judgment arguing that: (1) his trial counsel rendered ineffective assistance when the trial court refused to grant trial counsel's request for an adjournment to conduct an investigation into the Frazier's statements, which Petitioner believes that had the adjournment been granted it would have allowed counsel discover, produce and call Parks as a defense witness during his trial to impeach Frazier testimony regarding

2

the "bullpen" incident, (2) appellate counsel rendered ineffective assistance when he did not raise the issue regarding the Court of Appeals' refusal to address his motion to remand regarding the Parks' affidavit with the Michigan Supreme Court, and (3) because of the Court Reporter's illness, which prevented appellate counsel from filing a timely brief on appeals and a motion to remand and new trial, he had established cause and prejudice to overcome the default because the external factors were caused by the Court Reporter.

5. Appellate counsel David Cripps waived Petitioner's newly discovered evidence claim and an evidentiary hearing by not raising the issues with the Michigan Supreme Court.

6. In denying Petitioner's Motion for Relief from Judgment on these claims, the trial court stated: "the defendant must move for a new trial or an evidentiary hearing in the trial court. Where the defendant fails to create a testimonial record in the trial court with regard to his claim of ineffective assistance, review is foreclosed unless the record contains sufficient detail to support his claims.... he, the defendant, has effectively waived the issue of effective assistance of counsel."

7. Petitioner submitted a sworn Affidavit from Mr. Parks which directly contradicts, refutes and dispels Frazier's trial testimony regarding the "bullpen" conversation.

8 The trial court's finding are totally inaccurate where the record clearly shows that the petitioner, through appellate counsel David Cripps, did, in fact, move the Michigan Court of Appeals to remand the matter back to the trial court, so that, he could make a testimonial record to support his claims and thereafter to move the trial court for a new trial. The trial court conducting of a paper hearing was inadequate and unfair in-direct violation of this court decision in Gonzalea v. Elo, 972 F.Supp. 417, 420

3

(E.D. Mich. 1997). The Michigan Court of Appeals' failure to address Petitioner's motion to remand for an evidentiary hearing and the Parks affidavit, and the Trial Court's misreading of the Petitioner's procedural history, without conducting an evidentiary hearing, the Michigan State Courts inadequately resolved the factual issue. Therefore, under 28 USC § 2254(d), the factual findings is not entitled to a presumption of correction.

9. Petitioner does not contend that all paper hearings are inadequate as this Court indicated quoting Sawyers v. Collins, 986 F.2d 1493, 1504-1505 (6th Cir. 1993). The Honorable Gadola further held: "this court is certainly not in disagreement with a notion that a paper hearing can afford a full and fair hearing under some circumstances. In the instant case, however, the paper hearing did not do so." Id.

10. In the instant case, the Petitioner submitted the Parks affidavit to the trial and State Appellate Courts, but, neither state court conducted an evidentiary hearing or called witnesses, the trial court rendered a decision which was clearly contrary to Petitioner's procedural history. Where the court found during the paper hearing that "the issue of ineffective assistance of counsel(s)" was not preserved because "the defendant failed to create a testimonial record in the trial court with regard to his claims of ineffective assistance." This finding is clearly erroneous.

11. Petitioner contends that the findings of the State Courts in the instant case are not entitled to the presumption of correctness, where the hearing was not full, fair and adequate, and the trial court misconstrued the facts of the Petitioner's procedural history in this case which further lead to an erroneous ruling by the trial court to deny Petitioner's request for relief from judgment and an evidentiary hearing.

WHEREFORE Petitioner asks this Honorable Court to grant this request

for an evidentiary hearing where he was diligent in seeking the requested hearing throughout his State Court proceedings as required by law. It is Petitioner's contention that he is entitled to this necessary hearing, where the State findings are erroneous and require further review.

Respectfully submitted.

Dated: January 11, 2007

*/s/ Marvin D. Cotton*
Mr. Marvin D. Cotton N. 348927
Petitioner In Pro. Per.
Bellamy Creek Correctional Fac.
1727 West Bluewater Highway
Ionia, Michigan 48846

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowlegde, information and belief. Executed on January 11, 2007.

*/s/ Marvin D. Cotton*
Marvin D. Cotton No. 348972
28 USC § 1746

5