UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. COTTON, #348927,

    Petitioner,

                               CASE NO. 1:07-CV-10291

v.                                HONORABLE THOMAS L. LUDINGTON
                               UNITED STATES DISTRICT JUDGE

KENNETH MCKEE,          HONORABLE DONALD A. SCHEER
                               UNITED STATES MAGISTRATE JUDGE

    Respondent.

_____/

## Answer to Petition for Writ of Habeas Corpus

### Statement of the Case

Respondent holds Petitioner in custody under the authority of a November 12, 2001, Judgment of Conviction imposing a life sentence. The sentence results from a Wayne Circuit Court jury trial conviction of first-degree murder. Petitioner challenges his confinement on the following grounds:

    I.    The trial court erroneously denied a continuance when defense counsel requested additional time to prepare for recently disclosed witness.

    II.    Prosecutorial misconduct occurred when evidence was introduced that Petitioner threatened to kill a witness.

    III.    Prosecutorial misconduct occurred when comments were made during the jury selection tending to dilute the burden of proof.

    IV.    Petitioner's mandatory life sentence is cruel and unusual punishment.

    V.    Ineffective assistance of counsel for failing to call Devonte Parks at trial to impeach Ellis Frazier.

VI. Ineffective assistance of counsel for failing to obtain a hearing to determine whether Devonte Parks would refuse to testify.

VII. Ineffective assistance of appellate counsel for failing to raise claim V in the Michigan Supreme Court.

VIII. Ineffective assistance of appellate counsel for failing to raise claims VI and VII during the appeal of right.

IX. Trial court erred in failing to grant motion for relief from judgment on grounds of ineffective assistance of appellate counsel.

X. Petitioner was denied a hearing in the trial court on his motion for relief from judgment regarding the ineffective assistance of trial counsel claim.

XI. Petitioner was denied a hearing in the trial court on his motion for relief from judgment regarding the ineffective assistance of appellate counsel claim.

XII. Petitioner was denied due process when he was not given a hearing despite fulfilling the procedural requirements for doing so.

The petition must be denied because: (1) the state court adjudication of Petitioner's habeas first and fourth claims did not run contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law, (2) review of his second and third claims is barred by his procedural default of failing to object to the alleged errors at trial, (3) review of his fifth, sixth, seventh, and eighth claims is barred by his procedural default of failing to present them to the state courts in his appeal of right, and (4) his ninth through twelfth claims do not state issues cognizable in a habeas action.

**Statement Regarding Exhaustion of State Court Remedies**

Following Petitioner's conviction and sentence he appealed by right, raising what now form his first through fourth habeas claims in the Michigan Court of Appeals. The Court of Appeals affirmed in an unpublished opinion. *People v Cotton*, No. 238216 (Mich Ct App October 14, 2003). Petitioner then sought relief in the Michigan Supreme Court, but his application for leave to appeal was denied by standard order. *People v Cotton*, No. 125431 (Mich Sup Ct June 10, 2004).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising his remaining habeas claims. The trial court denied the motion by order dated September 23, 2005.

Petitioner appealed this decision to the Court of Appeals, but the application was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v Cotton*, No. 266453 (Mich Ct App May 17, 2006). Petitioner's appeal to the Michigan Supreme Court was denied on the same grounds. *People v Tudor*, No. 131599 (Mich Sup Ct December 28, 2006).

**Argument**

I.   **The state court adjudication of Petitioner's continuance and eighth amendment claims did not result in an unreasonable application of clearly established Supreme Court law.**

Petitioner first claims that he was erroneously denied a continuance after his counsel requested one on the basis of needing more time to investigate a statement that he made to another prisoner that was disclosed five days before trial. His fourth claim asserts that his life sentence was cruel and unusual in violation of the eighth amendment. These claims were presented to the Michigan Court of Appeals during Petitioner's appeal of right, and the state appellate court denied them on the merits. Because this adjudication of these claims did not run contrary to, nor involve an unreasonable application of, clearly established Supreme Court precedent, Petitioner cannot demonstrate entitlement to habeas relief.

Under 28 USC § 2254(d)(1), an application for a writ of habeas corpus by a state prisoner shall not be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state court's legal decision is "contrary to" clearly established federal law under § 2254(d)(1) if the state court arrived at the conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than a Supreme Court decision on a set of materially indistinguishable facts. *Williams v Taylor*, 529 US 362, 412-13 (2000). An "unreasonable application" occurs when the state court identified the correct legal principle from the Supreme Court but unreasonably applied that principle to the facts of the case before it. *Id.*

Clearly established Supreme Court law holds that the grant or denial of a motion for a continuance is within the sound discretion of the trial judge, and will be reviewed only for an abuse of discretion. *Avery v Alabama*, 308 US 444, 446 (1940). A trial court's discretion

4

exceeds constitutional bounds only when it is exercised to deny a continuance on the basis of unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. *Morris v Slappy*, 461 US 1 (1983); *Unger v Sarafiti*, 376 US 575 (1964). The Supreme Court has explained that "[i]t would take an extreme case to make the action of the trial court in such a case a denial of due process of law." *Franklin v South Carolina*, 218 US 161, 168 (1910). The court of appeals decision that the trial court properly denied a continuance did not result in an objectively unreasonable application of these established principles.

In this case, the trial court's decision to deny the continuance was not based on an "unreasoning and arbitrary insistence upon expeditiousness." The statement was provided to defense counsel on a Wednesday, and trial did not begin to the following Monday. The trial court informed Petitioner's counsel that he would be given an opportunity to meet with the witness. And, in any event, the witness had always been listed on the prosecution's witness list; he was not a person new to the case. Given that the decision to grant or deny a continuance falls within a trial court's discretion, and that there was a logical basis to deny the request, the Court of Appeals decision cannot be characterized as objectively unreasonable. Petitioner has failed to demonstrate entitlement to habeas relief with respect to this claim.

Next, with respect to Petitioner's fourth claim, a habeas court's review under the Eighth Amendment of a state court sentencing decision must be characterized by "utmost deference." *United States v McCann*, 835 F2d 1184, 1187 (CA 6, 1987). Here, the Court of Appeals' application of established Eighth Amendment law was not unreasonable. In *Solem v Helm*, 463 US 277 (1983), the Supreme Court stated that the Eighth Amendment prohibits sentences that are disproportionate to the crime committed. *Solem*, however, does not constitute "clearly established Federal law" under § 2254(d)(1). In *Harmelin v Michigan*, 501 US 957 (1991), two

5

justices of the Supreme Court abandoned any proportionality requirement, 501 US 965 and three justices found that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime.  501 US 1001.  Accordingly, a majority of the Court has abandoned a generalized proportionality requirement between sentence and crime.  At best for Petitioner, established Federal law only asks whether the sentence is grossly disproportionate to the crime.  *United States v Hopper*, 941 F2d 419, 422 (CA 6, 1991) ("the Eighth Amendment is offended only by an extreme disparity between crime and sentence."  Petitioner committed first degree murder.  A sentence of life imprisonment is not grossly disproportionate to the crime of intentionally taking another life.

**II.     Review of Petitioner's second and third claims is barred by his procedural default of failing to object to the alleged errors at trial.**

Petitioner's second and third claims allege that the prosecutor's misconduct rendered his trial unfair. No objection to the alleged misconduct occurred at trial. Accordingly, review of the claims was limited by the Court of Appeals "unless the defendant shows plain error that affected his substantial rights." *Cotton*, No. 238216, pp. 2, 4.

The grounds for this decision constitute a procedural default, and the claim therefore may only be reviewed by this court if Petitioner demonstrates cause and prejudice. *Gulertekin v Tinnelman-Cooper*, 340 F3d 415, 423-424 (CA 6, 2003).

The only candidate for cause would be the allegation that Petitioner's trial counsel was ineffective for failing to object to the alleged misconduct. Petitioner may not, as a matter of law, raise this argument in an effort to demonstrate cause because he failed to first present such a claim to the state courts. *Jacobs v Mohr,* 265 F3d 407 (CA 6, 2001); *Jones v Toombs*, 125 F3d 945, 947 (CA 6, 1997). Although Petitioner presented ineffective assistance of trial counsel claims to the state courts, he did so based on other factual premises. As Petitioner has completely failed to demonstrate cause to excuse his default, this court may not review the claim.

7

**III.    Review of Petitioner's fifth, sixth, seventh, and eighth claims is barred by his procedural default of failing to present them to the state courts in his appeal of right.**

With respect to Petitioner's sixth, seventh, and eighth claims, they were presented to the state courts during Petitioner's motion for relief from judgment and subsequent appeal.  Both state appellate courts denied Petitioner relief with respect to these claims by using the common form order stating that the appeal was denied "for failure of the defendant to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims. *Howard v Bouchard*, 405 F3d 459, 477 (CA 6, 2005).

In *Burroughs v Makowski,* 282 F3d 410, 413-414 (CA 6, 2002), the Court considered the form order used by the state appellate courts here and found that it presented a sufficient explanation that the ruling was based on the failure to comply with a state procedural rule.  See also:  *McFarland v Yukins,* 356 F3d 688, 697-698 (CA 6, 2004); *Simpson v Jones*, 238 F3d 399, 407-408 (CA 6, 2000); *Gonzales v Elo*, 233 F3d 348 (CA 6, 2000); *Luberda v Trippett*, 211 F3d 1004 (CA 6, 2000).

Where a state court denies relief on independent and adequate state procedural grounds, as the state courts did here, a prisoner may only obtain habeas review of such claims if he can establish "cause and prejudice" or that the failure to review the claims would result in a "fundamental miscarriage of justice."  *Strickler v Greene*, 527 US 263 (1999).

In order to establish "cause," to excuse his default, a habeas petitioner must establish that some objective factor external to his defense prevented him from complying with the state procedural rule. *Murray v Carrier*, 477 US 478 (1986).  Here, Petitioner asserts in his seventh and eighth claims that the ineffectiveness of his appellate counsel constitutes cause to excuse his

8

failure to raise his ineffective assistance of trial counsel claims during his appeal of right. In order for attorney error to constitute cause, it must rise to the level of ineffective assistance of counsel under the standard of *Strickland v Washington*, 466 US 668 (1984). *Byrd v Collins*, 209 F3d 486 (CA 6, 2000).

Here, Petitioner's appellate counsel raised several issues in his appeal of right in the Michigan Court of Appeals. It should be noted that Petitioner still maintains that many of his appeal of right claims entitle him to relief. So Petitioner may not, with consistency, argue that his appellate counsel did not raise substantial claims. Appellate counsel's actions here of excluding the claims raised in the motion for relief from judgment in favor of others was a strategic decision and does not constitute ineffective assistance of counsel.

Petitioner is required to show that his appellate attorney was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *United States v Morrow*, 977 F2d 222, 229, (CA 6, 1992) (*en banc*) *cert den,* 508 US 975 (1993); *West v Seabold*, 73 F3d 81, 94 (CA 6, 1996). Petitioner has simply failed to show that his appellate attorney's inadequacy deprived him of victory.

As Petitioner has completely failed to establish good cause to excuse his default, there is no need to address the prejudice. *Smith v Murray*, 477 US 527, 533 (1986); *Long v McKeen*, 722 F2d 286, 289 (CA 6, 1983).

Therefore, because Petitioner procedurally defaulted his claims by failing to present them to the state courts in a timely filed appeal of right, and because Petitioner is unable as a matter of law to show cause and prejudice, review of his claims is barred.

## IV. Petitioner's ninth through twelfth claims do not state issues cognizable in a habeas action.

Petitioner's ninth through twelfth claims all assert that his constitutional rights were violated by the state courts during his state collateral attack. That is, the claims are based on the mistaken notion that Petitioner was somehow entitled to a second round of state court appeals. In fact, Petitioner had no right to a state collateral attack at all, let alone to an evidentiary hearing there. These claims simply do not state grounds for relief that are cognizable on habeas review.

The Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. See *Kirby v Dutton*, 794 F2d 245, 246-47 (CA 6, 1986); *Roe v Baker*, 316 F3d 557, 571 (CA 6, 2002). Claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 USC § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Kirby*, 794 F2d at 246 (quoting *Preiser v Rodriguez*, 411 US 475, 484 (1973). A due process claim related to collateral post-conviction proceedings itself, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F2d at 247. Accordingly, the scope of the writ does not reach this second tier of complaints about deficiencies in state post-conviction proceedings. Habeas review is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration. *Id* at 248, 247; see also *Alley v Bell*, 307 F3d 380, 387 (CA 6, 2002) ("error committed during state post-conviction proceedings cannot provide a basis for federal habeas relief" (citing *Kirby*, 794 F2d at 247)); *Greer v Mitchell*, 264 F3d 663, 681 (CA 6, 2001) ("habeas corpus cannot be used to mount

challenges to a state's scheme of post-conviction relief"). Petitioner's claim that the trial court should have held a hearing on the underlying substantive claim simply cannot form the basis for any relief in this action.

## **Relief Requested**

Respondent requests that the petition be denied with prejudice.

                                                Respectfully submitted,

                                                MICHAEL A. COX
                                                Attorney General

                                                s/ Brad H. Beaver
                                                Assistant Attorney General
                                                Appellate Division
                                                P.O. Box 30217
                                                Lansing, MI  48909
                                                (517) 373-4875
                                                beaverb@michigan.gov
                                                (P48649)

Dated:  July 19, 2007

**Certificate of Service**

I hereby certify that on July 19, 2007, I electronically filed the foregoing papers with the Clerk of the Court using ECF system which will send notification of such filing to the following:

    Honorable Thomas L. Ludington
    Magistrate Donald A. Scheer

and I hereby certify that Kim Greenhoe has mailed by United States Postal Service the following papers to the following non-ECF participant:

    Marvin D. Cotton 348927
    Bellamy Creek Correctional Facility
    1727 West Bluewater Highway
    Ionia MI 48846

    Honorable Thomas L. Ludington
    Magistrate Donald A. Scheer

    MICHAEL A. COX
    Attorney General

    s/ Brad H. Beaver
    Assistant Attorney General
    Appellate Division
    P.O. Box 30217
    Lansing, MI  48909
    (517) 373-4875
    beaverb@michigan.gov
    (P48649)